Guy B. Wallace (SBN 176151)
gwallace@schneiderwallace.com
Mark Johnson (SBN 76904)
mjohnson@schneiderwallace.com
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7105

Linda M. Dardarian (SBN131001)
ldardarian@gdbhlegal.com
Andrew P. Lee (SBN 245903)
alee@gdbhlegal.com
GOLDSTEIN, BORGEN,
DARDARIAN & HO
155 Grand Avenue, Suite 900
Oakland, California 94612
Telephone: (510) 763-9800
Facsimile: (510) 835-1417

Attorneys for Plaintiffs and the
Proposed Class

Jinny Kim (SBN 208953)
jkim@dralegal.org
Amelia Evard (SBN 341940)
aevard@dralegal.org
DISABILITY RIGHTS
ADVOCATES
2001 Center Street, Third Floor
Berkeley, California 94704-1204
Telephone: (510) 665-8644
Facsimile: (510) 665-8511

Paula Pearlman (SBN 109038)
pauladpearlman@gmail.com
LAW OFFICES OF
PAULA PEARLMAN
9610 Beverlywood Street
Los Angeles, California 90034-1825
Telephone: (310) 558-4808

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDY GRIFFIN, OLIVIA ALMALEL, R.S., by and through her guardian ad litem, Matthew Struski, and COMMUNITIES ACTIVELY LIVING INDEPENDENT AND FREE ("CALIF"), on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF LOS ANGELES,<br><br>Defendant. | Case No:<br><br>CLASS ACTION<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF FOR VIOLATIONS OF:**<br><br>1.   Americans with Disabilities Act of 1990 (42 U.S.C. § 12131, *et seq.*)<br>2.   Section 504 of the Rehabilitation Act of 1973 (29 U.S.C. § 794, *et seq.*)<br>3.   California Government Code § 11135, *et seq.* |

769027.1

# INTRODUCTION

1.      Parks are essential to the health and well-being of the City of Los Angeles and its residents and visitors. "Public parks are open spaces available to all, regardless of income, place of residence, or personal characteristics, and are settings designed for physical activity, which is critical for growth and development among children and maintaining health among adults."[1] "If we had a medicine that delivered as many benefits as parks, we would all be taking it. Parks deliver cardiovascular benefits, fight loneliness, combat osteoporosis, counter stress anxiety, and more. And they do those things without adverse side effects and at minimal costs."[2]

2.      Plaintiffs bring this action on behalf of themselves and a proposed class of similarly situated persons with mobility disabilities to redress the systemic and pervasive discrimination against them by the City of Los Angeles (hereafter "the City" or "Defendant"). Through the policies and practices described herein Defendant has denied persons with mobility disabilities full and equal access to its parks and park facilities. Specifically, the City has failed and refused to ensure that its newly constructed and renovated public park facilities are readily accessible to and usable by persons with mobility disabilities. The City has performed new construction and alterations to its existing park facilities without complying with

[1] Cohen, Deborah A., Kathryn Pitkin Derose, Bing Han, Stephanie Williamson, Terry Marsh, and Laura Raaen, City of Los Angeles Neighborhood Parks: Research Findings and Policy Implications (2003–2015). Santa Monica, CA: RAND Corporation, 2016. https://www.rand.org/pubs/research_reports/RR1573.html.

[2] Foderaro, Lisa, Klein, Will, The Power of Parks to Promote Health: A Special Report, 2023, quoting, Frumkin, Howard, M.D., Senior Vice President at Trust for Public Land and former dean of the University of Washington School of Public Health. https://www.tpl.org/parks-promote-health-report.

769027.1

federal and state disability access design standards. Consequently, Plaintiffs Judy Griffin, Olivia Almalel, R.S. and Communities Actively Living Independent and Free ("CALIF") have experienced ongoing deprivation of their civil rights because of the City's repeated and continuing violations of federal and state disability nondiscrimination laws regarding access for persons with mobility disabilities. The park facilities owned, operated, controlled and/or maintained by the City are characterized by multiple, pervasive, and hazardous physical access barriers. The physical access in City parks include, *inter alia*, inaccessible entrances and exits, inaccessible restrooms, inaccessible public buildings, inaccessible and/or hazardous paths of travel within City parks, inaccessible athletic fields, inaccessible picnic areas, inaccessible playgrounds, and inaccessible or nonexistent parking for people with mobility disabilities.

3.      The City has obligations under Section 504 of the Rehabilitation Act of 1973 ("Section 504"), Title II of the Americans with Disabilities Act of 1990 ("ADA"), as well as California Government Code Section 11135, to ensure that the design, construction, and/or alteration of City facilities comply with the applicable design standards, including *inter alia*, the 1991 Americans with Disabilities Act Accessibility Guidelines ("ADAAG"), the 2010 Americans with Disabilities Act Standards for Accessible Design ("2010 ADAS"), and the applicable version of the California Building Code ("CBC"). The City has known for over three decades that it is required by these laws to ensure the accessibility of its parks to persons with mobility disabilities. These legal mandates were and continue to be necessary to create full and equal access to the park facilities and programs owned, operated, controlled, and/or maintained by the City. The City has failed to meet these federal requirements, as well as similar requirements under California law, and has consequently denied full and equal access to persons with mobility disabilities.

4.      At all times relevant to this action, Defendant has engaged in the

following discriminatory and illegal policies and practices with respect to parks and park facilities resulting in the inaccessibility of its park system to persons with mobility disabilities as alleged herein:

    a.    Constructing parks and park facilities that do not comply with applicable federal or state disability access standards including, *inter alia*, the 2010 ADAS, the ADAAG, the Uniform Federal Accessibility Standards ("UFAS") and the applicable iteration of the CBC.

    b.    Altering or repairing parks and park facilities in a manner that fails to comply with federal and state access standards, including the 2010 ADAS, ADAAG, UFAS and/or the CBC.

    c.    Failing to maintain its parks and park facilities in a condition that is readily accessible to persons with mobility disabilities by preventing or eliminating access barriers as required by federal and state law.

    d.    Failing to remediate newly constructed or altered paths of travel, facilities or elements within parks or park facilities that do not comply with federal and/or state accessibility standards as required by 28 C.F.R. § 35.151(c)(5) and California Government Code § 4452.

    e.    Failing to adopt or implement any adequate policy or procedure for inspecting, repairing and maintaining the City's parks and park facilities so that they are readily accessible to persons with mobility disabilities.

5.    Defendant has constructed, caused and/or failed to remediate or eliminate these barriers. As a result of Defendant's discriminatory conduct, Plaintiffs have been injured. Specifically, Plaintiffs have been denied full and equal access to the City's parks and park facilities as required by federal and state law. The injuries alleged herein are ongoing, and Plaintiffs are certain to face the imminent threat of further injuries including the denial of full and equal access to

the City's parks and park facilities, struggling with access barriers, physical exhaustion and injuries, as well as isolation, segregation, humiliation, hardship, anxiety, indignity and embarrassment.

6.     Plaintiffs seek declaratory and injunctive relief against Defendant for severely limiting Plaintiffs' access to the City's parks and park facilities by failing to ensure that its parks and park facilities are constructed, altered, and maintained so that they are readily accessible to and usable by people with disabilities. The resulting physical access barriers have caused and continue to cause harm to Plaintiffs and violate Title II of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, and its accompanying regulations; Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794, and its accompanying regulations; and California Government Code § 11135, *et seq.*, and its accompanying regulations. The discrimination and denial of full and equal access to Defendant's parks and park facilities complained of herein are the direct result of Defendant's policies and practices regarding the City's parks and disability access. These policies and practices, or lack thereof, have resulted in discrimination against persons with disabilities in the form of denial of full and equal access to the City's parks and park facilities that manifests in common ways throughout the City.

7.     Plaintiffs seek declaratory and injunctive relief against Defendant for violating the ADA, Section 504 and California Government Code § 11135 and their accompanying regulations, as well as an award of reasonable attorneys' fees, litigation expenses, and costs under applicable law. Plaintiffs have no adequate remedy at law and unless Defendant is preliminarily and permanently enjoined, Plaintiffs will continue to suffer irreparable harm as a result of being denied full and equal access to these public facilities.

//

//

**JURISDICTION AND VENUE**

8.     The first two claims alleged herein arise under the ADA and Section 504, such that the jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343. Through the same actions and omissions that form the basis of Plaintiffs' federal claims, Defendant has also violated Plaintiffs' rights under state law, over which this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367. This Court has jurisdiction over Plaintiffs' claims for declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202.

9.     The Central District of California is the proper venue for Plaintiffs' claims because Defendant resides in the Central District of California within the meaning of 28 U.S.C. § 1391, and because the events, acts, and omissions giving rise to Plaintiffs' claims occurred in the Central District of California.

**THE PARTIES**

10.     Named Plaintiff Judy Griffin is a resident of the Westwood area of Los Angeles who is paraplegic and uses a motorized wheelchair for mobility. Plaintiff Griffin is a "qualified person with a disability" and a person with "a disability" within the meaning of all applicable statutes and regulations including 42 U.S.C. § 12131(2), 28 C.F.R. § 35.104, 29 U.S.C. § 705(20)(B) and California Government Code § 12926.

11.     Named Plaintiff Olivia Almalel is a resident of the Northridge area of Los Angeles who is paraplegic and uses a motorized wheelchair for mobility. Plaintiff Almalel is a "qualified person with a disability" and a person with "a disability" within the meaning of all applicable statutes and regulations including 42 U.S.C. § 12131(2), 28 C.F.R. § 35.104, 29 U.S.C. § 705(20)(B) and California Government Code § 12926.

12.     Named Plaintiff R.S. is a resident of Pasadena, California. Plaintiff R.S. is a ten-year-old child who uses a power assisted manual wheelchair for mobility.

Plaintiff R.S. is a "qualified person with a disability" and a person with "a disability" within the meaning of all applicable statutes and regulations including 42 U.S.C. § 12131(2), 28 C.F.R. § 35.104, 29 U.S.C. § 705(20)(B) and California Government Code § 12926.

13.     Organizational Plaintiff Communities Actively Living Independent and Free ("CALIF") is an independent living center: a private, non-profit community-based corporation providing services and advocacy by and for persons with disabilities in the City, including individuals who have been discriminated against and subjected to hazardous conditions as a result of the access barriers at issue in the present case. CALIF seeks to achieve full inclusion, equality, and civil rights for people with disabilities. Accordingly, the interests that CALIF seeks to protect through this litigation are germane to its mission and purpose. CALIF has expended resources to investigate the claims and pursue the interests of full inclusion, equality and civil rights for people with mobility disabilities in this litigation. Furthermore, CALIF's members include persons with mobility disabilities who have been harmed and continue to experience harm because Defendant has failed and continues to fail to ensure that its system of parks is readily accessible to and usable by them, and/or CALIF has suffered injury as a result of Defendant's discrimination and inaccessible parks.

14.     Hereafter, references to Plaintiffs shall be deemed to include the named Plaintiffs and each member of the class proposed below, unless otherwise indicated.

15.     Presently, and at all times relevant to this Complaint, Defendant City of Los Angeles is and has been a public entity within the meaning of Title II of the ADA and has received federal financial assistance sufficient to invoke the coverage of Section 504. At all times relevant to this Complaint, Defendant has received state financial assistance sufficient to invoke the coverage of California Government Code § 11135.

---

16.     Defendant is a local government entity, with responsibility for providing Plaintiffs with full and equal access to its public facilities. Defendant is responsible for constructing, altering, maintaining, repairing, regulating, operating and staffing the system of parks within the City of Los Angeles.

## FACTUAL ALLEGATIONS APPLICABLE TO ALL CLAIMS

17.     The accessibility of City parks goes to the heart of the purpose of Title II of the ADA and other disability rights laws, including integration and accessibility. The City provides and is responsible for establishing, operating and maintaining these parks, which constitute public parks and recreation areas, facilities and amenities that the City makes available to residents and visitors alike. Yet, the City's parks and park facilities do not provide full and equal access to persons with mobility disabilities, in violation of federal and state disability rights laws.

18.     At the time of the passage of the ADA, the Civil Rights Division of the U.S. Department of Justice recognized that "improving access to parks and recreation areas is important to the quality of life of people with disabilities and to their families and friends." A report commissioned by the Los Angeles Controller's office recognized that a "park is a true community asset that helps children, youth, adults, and seniors to socialize, make valuable connections, and obtain social support; enjoy being outdoors; and increase physical activity."[3] The City's parks provide free and low-cost recreation activities, which result in improved physical and mental health and lower health care costs. Parks are also essential to building cohesive communities by offering opportunities for people of all ages to interact,

---

[3] KH Consulting Group, *Report Summary: LA Condition Recreation & Parks Condition Survey & Report Card*, at 21 (September 2017), available at https://www.researchgate.net/publication/334432008_Volume_I_Los_Angeles_City _Recreation_Parks_Condition_Survey_Report_LA_Parks_Report_Cards (last visited July 25, 2024).

learn and grow. Approximately 43 percent of adults and 75 percent of children have visited parks, trails and recreation centers in Los Angeles in the past several years.[4]

19.    Defendant has systematically failed, and is failing, to construct and maintain accessible pedestrian rights of away in violation of federal and state law. As a result of Defendant's policies and practices, the City's parks and park facilities have numerous illegal physical barriers to residents, visitors and other individuals who use wheelchairs, scooters, other mobility devices and/or who have mobility or ambulatory disabilities, including Plaintiffs Griffin, Almalel, R.S. and CALIF which make these parks inaccessible to and unusable by such persons. Examples of such barriers include the following:

a.    Entrance ramps and walkways to City parks that are nonexistent, or that are too steep or that have hazardous cross-slopes, missing handrails and edge protection, or have broken, cracked or uneven surfaces making them inaccessible to persons with mobility disabilities and unsafe for them to use;

b.    Paths of travel within City parks that require Plaintiffs to maneuver through traffic lanes;

c.    Broken pedestrian rights of way or pathways within City parks that are cracked, crumbled, steep, sunken, or uneven or that have steep slopes or broken and inaccessible surfaces;

d.    Public park facilities and outdoor spaces (including, but not limited to, playgrounds, picnic areas, and athletic courts or fields) that are

---

[4] The Trust for Public Land, *The Economic Benefits of the public park and recreation system in the City of Los Angeles, California, San Francisco*, CA, p. 21 (2017), available at https://trails.lacounty.gov/Files/Documents/125/CA_LA%20Economic%20Benefits%20Report_LowRes.pdf (last visited July 25, 2024).

inaccessible to persons with mobility disabilities due to hazardous
and/or inaccessible paths of travel within City parks;

e.     Public park facilities and outdoor spaces that have dangerous gaps,
holes, slopes and drop-offs, and abrupt level changes on or through
paths of travel, contain ramps that are too steep, constituting an access
barrier and hazard to persons with mobility disabilities;

f.     Public park buildings and outdoor spaces with restrooms that are
inaccessible to persons with mobility disabilities including small and
narrow toilet stalls, including stalls misidentified as accessible,
misplaced grab bars, heavy doors and improper closing hardware;

g.     Public park facilities and outdoor spaces that are inaccessible to persons
with mobility disabilities because the entryways are too steep or consist
only of steps or stairs;

h.     Public park facilities and outdoor spaces with inadequate signage,
making them inaccessible to persons with mobility disabilities;

i.     Public park facilities with exterior and interior door hardware or
excessive door pressures, or gate latches or hardware that prevent
access through the doors or gates to persons with mobility disabilities;

j.     Public park facilities and outdoor spaces that lack or have insufficient
accessible parking or have broken, cracked or uneven surfaces making
them unstable, inaccessible or unsafe for use for persons with mobility
disabilities;

k.     Playgrounds that are inaccessible to persons with mobility disabilities;

l.     Park features, such as benches and picnic tables, that are inaccessible,
and/or without an accessible path of travel to them;

m.     Physical obstacles on the pathways within City parks, such as

769027.1

improperly placed signs, poles, or benches; and

n.    Physical obstacles on the pathways, a lack of paved pathways or poorly maintained pathways within City parks, such as sidewalks uplifted by wear, tree roots, grass and shrubbery, untreated gravel, slick stone, other ground coverings and/or sand blocking pathways, due to lack of adequate maintenance policies and procedures.

20.    The City has constructed, caused and/or failed to eliminate these barriers, which cause Plaintiffs and other persons with mobility disabilities to be excluded from significant daily activities – including visiting public facilities, or friends and family—  or risk their physical well-being by traveling in or around inaccessible parks. The lack of full and equal access to the City's parks and park facilities deprives people with mobility disabilities of their independence, deprives them access to the benefits of open, public spaces, and essentially relegates them to second-class citizen status.

21.    The City continues to perform new construction of and alterations to its public park buildings and facilities that do not comply with state and federal disability access design standards.

22.    Because of Defendant's unlawful conduct as alleged herein, Plaintiffs have been denied full and equal access to the City's parks and park facilities. Plaintiffs have suffered and risk suffering severe physical injury and damage to their mental health because Defendant has failed and refused to ensure that the City parks and park facilities comply with federal and state disability anti-discrimination laws, including the City's failure to remove illegal and hazardous architectural barriers.

23.    Defendant has known for decades that it is operating illegal park facilities, which by reason of multiple and severe architectural barriers, discriminate against persons with mobility disabilities.

769027.1

**Plaintiff Judy Griffin**

24.     Plaintiff Griffin has been a resident of Los Angeles, California her entire life. Plaintiff Griffin travels to parks in her neighborhood and has been denied access to parks and park facilities throughout the City.

25.     Plaintiff Griffin is paraplegic and uses a motorized wheelchair for mobility. Plaintiff Griffin experiences access barriers within the City's parks due to cracked and inaccessible paths of travel, inadequate and dangerous curb or entrance ramps, inaccessible restrooms, inaccessible athletic fields, inaccessible public facilities, inadequate or inaccessible disabled parking spaces, and inaccessible playgrounds. Plaintiff Griffin has been repeatedly and routinely denied full and equal access to the City's park facilities because of Defendant's refusal and failure to provide the legally required access to the City's parks and park facilities.

26.     Examples of specific instances and locations at which Plaintiff Griffin has encountered barriers, and continues to encounter barriers, which deny her full and equal access to the parks and park facilities, include but are not limited to the following:

a.      Plaintiff Griffin travels to Holmby Park to use its facilities on a regular basis. Defendant has performed substantial new construction and/or alterations at Holmby Park since January 26, 1992, including but not limited to the installation of a new playground in 2020, 2018 renovations to the Golf Office and Lawn Bowling Club buildings with restroom and path of travel improvements. The newly constructed or altered portions of the facility, however, contain numerous access barriers that do not comply with applicable federal or state access standards, and the facility also contains access barriers in the parking, path of travel, entrance, restrooms and drinking fountains serving the new playground and/or other altered areas.

b.   Holmby Park has a picnic area and new or altered playground area that Plaintiff Griffin would like to frequent with her grandchildren and children. Holmby Park does not have a parking lot but has a single designated disabled parking spot on the street (which contains a sign on the street but no painted blue curbs), which requires that Plaintiff Griffin unload from her car onto the grass, which is unstable and uneven, and difficult to traverse. Plaintiff Griffin then encounters a cracked and uneven asphalt path of travel, which is difficult and hazardous to navigate with her motorized wheelchair.

c.   There are three sets of restrooms within Holmby Park. The restrooms are inaccessible to Plaintiff Griffin because of the exterior heavy doors that Plaintiff Griffin cannot open, and/or are locked, or because the stalls are not wheelchair accessible. In one restroom, a trash can blocks the path of travel from the restroom entrance to the restroom stalls. The stalls within that restroom are too narrow for wheelchair users.

d.   There are two sets of designated accessible restrooms at Holmby Park, but one set is always locked. The other set is in the Community Building that houses the Holmby Park Lawn Bowling Club. Those restrooms are only open during the Club's limited operating hours. Nowhere in the park is signage indicating the hours the designated accessible restrooms are open, or how to locate staff to unlock the accessible restrooms.

e.   Plaintiff Griffin also frequents Cheviot Hills Recreation Center, which is also known as Rancho Park. Defendant has performed substantial new construction and/or alterations at Cheviot Hills Recreation Center since January 26, 1992, including but not limited to improvements to the golf driving range, swimming pool and bathhouse, the restroom building, and

path of travel as well as installation of a new archery range. The newly constructed or altered portions of the facility, however, contain numerous access barriers that do not comply with applicable federal or state access standards, and the facility also contains access barriers in the parking, path of travel, entrance, restrooms and drinking fountains serving the new playground and/or other altered areas.

f.    At Cheviot Hills Recreation Center, there are several areas that have restrooms but there is no signage indicating the locations of accessible restrooms or other features such as drinking fountains. The restroom located in the Team-Field Building near the Recreation Center's baseball diamonds near the main parking lot does not have accessible stalls. It has two inaccessible stalls which are too narrow to be usable by someone who uses a wheelchair, scooter or similar mobility device. In addition, the door to the recreation center where the accessible restrooms are located is too heavy, meaning that if it is not propped open Plaintiff Griffin and other people with mobility disabilities are not able to independently enter the recreation center. There are designated accessible restrooms near the Archery Range (upper parking lot) but there is no signage within the park indicating their location.

g.    Plaintiff Griffin has also encountered access barriers at the Palms Boulevard entrance to Mar Vista Recreation Center. Defendant has made substantial alterations to Mar Vista since January 26, 1992, including but not limited to the following: in 2010, Defendant performed alterations to a restroom in the community building. In 2014, Mar Vista underwent a modernization and improvement of three baseball fields including installation of bleachers, drinking fountains and pathways, and alterations to the baseball diamonds, fields, dugouts, and fencing. In

2020, Defendant modernized the swimming pool at Mar Vista. As discussed herein, however, the alterations that Defendant has performed at Mar Vista do not comply with applicable federal or state disability access standards.

h.  For example, the path of travel from the parking lot to the swimming pool, picnic area, play equipment and accessible restrooms is cracked, uneven, and eroded, or has steps, and there is no signage indicating an accessible pathway or the Recreation Center's accessible features.

i.  There is no accessible path of travel to the playing fields in Mar Vista Recreation Center and the only access to the fields is through the grass and picnic area with trees that have uplifts due to tree roots. Traveling over tree root uplifts puts Plaintiff Griffin at risk of causing her to be off balance, tipping over and falling out of her wheelchair.

j.  The Mar Vista Recreation Center's designated accessible bathroom and stall has a stall door with inaccessible closing hardware which means Plaintiff Griffin would not be able to close the bathroom stall for privacy.

k.  Plaintiff Griffin also occasionally uses the Palms Recreation Center. The City has performed substantial alterations to the Palms Recreation Center since January 26, 1992. Among other things, in 2005 Defendant performed numerous improvements, including the installation of a concrete path of travel to various park facilities, restroom improvements, and addition and replacements of drinking fountains. In 2012, Defendant renovated the soccer field. In 2013, Defendant made substantial improvements to the children's play area, the basketball court and open play field. In 2020, Defendant installed a new play area and safety surfacing. Notwithstanding the foregoing, the Palms Recreation Center

is characterized by numerous access barriers to persons with mobility disabilities, including but not limited to those described herein.

l.   Plaintiff Griffin encounters heavy doors to the recreation building at Palms Recreation Center. When Plaintiff Griffin encounters heavy doors, she is not able to independently access the facility and requires assistance from others.

m.   The designated accessible bathroom at the Palms Recreation Center is inaccessible because the stall is too narrow for a wheelchair, the toilet is too low, and the bathroom grab bars were installed incorrectly.

n.   Plaintiff Griffin uses the Westwood Recreation Center on an occasional basis. Defendant has performed substantial alterations at the Westwood Recreation Center since January 26, 1992, including *inter alia*, the 2021 replacement of the designated accessible playground Aidan's Place, as well as new hardscape and landscaping; installation of a Multipurpose Synthetic Field, and hydration system in 2021, including new walkways and trees; installation of a new prefabricated restroom building and associated turf, hardscape and landscaping in 2021.

o.   At the Westwood Recreation Center near Plaintiff Griffin's home, the accessible playground was recently modernized. However, there are no accessible picnic tables for a person with a mobility disability to use.

p.   In addition, the internal door hardware and the external door handle to the women's designated accessible bathroom at Westwood Recreation Center is incorrect and difficult to use independently and the grab bars are installed in the wrong position such that they do not provide access.

q.   Plaintiff Griffin found the Westwood Recreation Center's exterior door handle difficult to open independently as it was too heavy for her, and there were no automatic openers.

769027.1

r.    The Westwood Recreation Center's prefabricated restroom building has designated accessible bathrooms. However, there is no accessible path of travel from the playground and field located across the restroom building.

27.    As a result of the foregoing, Plaintiff Griffin has been and continues to be denied full and equal access to the City's park and park facilities, and has been and continues to be deprived of her independence and excluded from vital parts of her community.

**Plaintiff Olivia Almalel**

28.    Plaintiff Almalel travels to City parks and has been denied access at parks and park facilities throughout the City. Plaintiff Almalel has been a resident of Northridge, California her entire life. Plaintiff Almalel is paraplegic and uses a motorized wheelchair for mobility.

29.    Plaintiff Almalel encounters access barriers in the City's parks and park facilities due to inaccessible paths of travel, inadequate and dangerous ramps at park entrances, inaccessible restrooms, inaccessible athletic fields, inaccessible public buildings, inadequate or inaccessible disabled parking spaces, and inaccessible playgrounds. Plaintiff Almalel has been denied full and equal access to the City's park facilities because of Defendant's refusal and failure to provide the legally required access to the City's parks and park facilities.

30.    Examples of specific instances and locations at which Plaintiff Almalel has encountered barriers, and continues to encounter barriers, which deny her full and equal access to the City's parks and park facilities, include but are not limited to the following:

a.    Plaintiff Almalel lives across the street from Northridge Recreation Center and she frequents the center for recreation and to spend time with her family. Each year, she and her family attend the annual

Polynesian Festival that takes place at the Recreation Center. There are numerous barriers in Northridge Recreation Center that deny her full and equal access to the park and its facilities. Defendant has performed substantial construction at Northridge Recreation Center from 2008-2020, including but not limited to the addition of a new pool and bathhouse, a new gym floor, and improvements to the baseball field, the children's play area and the baseball field. Notwithstanding the foregoing, Northridge Recreation Center has no accessible restrooms.

b.  The Northridge Recreation Center building includes a gymnasium but does not have an accessible restroom for the gymnasium area. The doors to the Recreation Center have inaccessible hardware and there are no push buttons so that people with mobility disabilities can independently gain entrance to the center, and there is no staff on site to assist in opening the Recreation Center doors.

c.  In addition, the Lower Field restrooms, near the playground equipment and tennis courts, have no accessible stalls and have insufficient space for a person using a wheelchair to enter the toilet area.

d.  The path of travel from the accessible spaces in the Lemarsh Street parking lot to the Lemarsh Street park entrance (near the Recreation Center) has cracks in the asphalt and exposes Plaintiff Almalel and similarly situated people with mobility disabilities to the risk of tipping and falling out of her wheelchair or damaging the wheels of her wheelchair.

e.  The parking lot on the east side of the Northridge Recreation Center near the southeast baseball diamond has an entrance that is accessible to people with mobility disabilities, but the pathway from the parking lot only serves the baseball diamond bleachers and provides no further

1   access to other field or park amenities. The paving ends at the bleachers

2   and the only way to approach other field or park amenities is by

3   traversing over dense grass and narrow cemented areas behind one set

4   of bleachers that leads towards the basketball courts. There is no path of

5   travel from the Lemarsh Street park entrance (near the Recreation

6   Center) or the Reseda Blvd. entrance (near the pool and play

7   equipment) to this baseball diamond except for a roughly paved asphalt

8   road used by cars.

9      f.   Plaintiff Almalel also uses Reseda Park. Defendant has performed

10   substantial alterations to Reseda Park since January 26, 1992, including

11   but not limited to renovation of the baseball field, installation of new

12   walkways and improvements to Reseda Lake.

13      g.   Plaintiff Almalel has encountered various access barriers at Reseda Park.

14   From the sidewalks on Reseda or Victory Boulevard, Plaintiff Almalel

15   must travel through the public parking lots (near the pool and near the

16   tennis courts) to enter the park. There is no signage directing visitors to

17   an accessible entrance or path of travel. There is no marked accessible

18   pathway from the accessible parking to the accessible entrance. The

19   main path of travel from the parking lot near the tennis courts is

20   alongside the tennis courts but this is an inaccessible path as it is not

21   wide enough, and the paving is uneven. In addition, the designated

22   accessible restroom has inaccessible closing hardware which means

23   Plaintiff Almalel would not be able to close the bathroom stall for

24   privacy. There is a designated accessible restroom and shower area at

25   the pool, which is open seasonally, but the accessible shower bench at

26   the pool is broken.

27

28

769027.1

h.   Plaintiff Almalel recently attended a family member's birthday party at Viking Park. Because there is no path of travel into the park, Plaintiff Almalel was required to use a private driveway in order to enter the park. Once she entered the park, Plaintiff Almalel had to travel over the grass to get to the two picnic tables where the birthday party was held because there is no accessible path of travel within the park. In order to get to the picnic tables, Plaintiff Almalel was required to travel over grass with the assistance of her brother to ensure she would not fall out of her wheelchair and injure herself. Plaintiff Almalel spent the majority of her time during the birthday party sitting on the paved playground area but was required to brave the grassy terrain at various points throughout the day in order to get a reprieve from the sun.

i.   Plaintiff Almalel is informed and believes and on that basis alleges that Viking Park was constructed and/or altered after June 3, 1977 or January 26, 1992.

j.   Plaintiff Almalel is deterred from attempting to use other parks in Los Angeles because of the access barriers she encounters at Northridge Park, Reseda Park and Viking Park. These access barriers make her feel like the City treats her and other people with mobility disabilities as second-class citizens who are unwelcome in these public places. She would like the opportunity to go to a gym or to a public park without having to struggle with access barriers.

31.   As a result of the foregoing, Plaintiff Almalel has been and continues to be denied full and equal access to the City's parks and park facilities, and has been and continues to be deprived of her independence and excluded from vital parts of her community.

---

769027.1

**<u>Plaintiff R.S.</u>**

32.    Plaintiff R.S. travels to City parks and has been denied access at parks and park facilities throughout the City.

33.    Plaintiff R.S. is a child with a disability uses a power assisted manual wheelchair for mobility. Plaintiff R.S. is unable to fully and equally enjoy the City's parks and park facilities because of pervasive barriers to accessibility within the parks, including inaccessible entrances, inaccessible paths of travel, inaccessible restrooms, inaccessible athletic fields, inaccessible public buildings, inadequate or inaccessible disabled parking spaces, and inaccessible playgrounds. Defendant has refused and failed to remediate these barriers to legally required access to the City's parks and park facilities.

34.    Examples of specific instances and locations at which Plaintiff R.S. has encountered barriers, and continues to encounter barriers, which deny her full and equal access to the City's parks and park facilities, include but are not limited to the following:

a.    Plaintiff R.S. encounters access barriers at Sycamore Grove Park near her home. Defendant installed a new accessible playground in approximately 2020. In the parking lot, the sign for one of the two disabled parking spots is missing. In addition, the path of travel from the parking lot to the playground and the restrooms contains potholes and cracks which impede access for Plaintiff R.S. and similarly situated people with mobility disabilities. Traveling over potholes and cracks throws Plaintiff R.S. and other people with mobility disabilities off balance, which creates the risk that they will tip over and fall out of their wheelchairs.

b.    There is a significant gap in the transition point from the pathway to the play structure area. The front casters of Plaintiff R.S.'s wheelchair were

caught in the gap, putting her at serious risk of being ejected from her wheelchair. Plaintiff R.S.'s father helped her to avoid injury.

    c.    Part of the surface around the play structures at Sycamore Grove Park is comprised of sand instead of an accessible surface material, which makes many areas of the play structures inaccessible to Plaintiff R.S. and other similarly situated people with mobility disabilities. Additionally, because of a lack of maintenance of the play area, sand covers the areas where there is accessible surface material, making those areas unstable and inaccessible for wheelchair and scooter users.

    d.    While there is a designated accessible stall in the men's Sycamore Park restroom, it has no grab bars or doors, and the bathroom is filthy and not maintained. This means that any liquid on the bathroom floor, gets on the wheels and hands of a wheelchair user. In addition, the faucets at the sink require too much pressure to operate independently. While there is a door on the designated accessible stall in the women's restroom, there are no grab bars and there is inaccessible closing hardware on the door.

    e.    The designated accessible water fountain at Sycamore Park has no push button, making it inaccessible to Plaintiff R.S. and similarly situated people with mobility disabilities.

**Plaintiff CALIF**

35.    Plaintiff CALIF has suffered injuries as a result of the City's inaccessible parks and park facilities. Additionally, CALIF's members who reside and/or work throughout the City and who have used, and will continue to use or attempt to use, the City's parks and park facilities and who have encountered, and will continue to encounter the types of access barriers described herein.

769027.1

36.     Carrie Madden, Systems Change Advocate at CALIF, is a person with a mobility disability who uses a motorized wheelchair for mobility. She enjoys the outdoors and visits many parks and recreation areas within the City of Los Angeles, including Venice Beach, Chatsworth Park, and Griffith Park.

37.     Defendant has performed substantial alterations to Venice Beach since January 26, 1992, including but not limited to improvements to the restroom buildings, outdoor fitness area and Rose Avenue children's play area, refurbishment of the pier and replacement of the existing restroom building at Rose Avenue, and the installation of a skateboard park.

38.     Defendant has performed substantial alterations to Chatsworth Park, South and North, since January 26, 1992, including but not limited to improvements to the outdoor park areas and trails, replacement of the existing playground, construction of decomposed granite walking paths, curbs and paving, replacement of the wood deck bridge, parking lot improvements, and construction of a new baseball diamond, seating, and improved path of travel from the parking lot to the new baseball diamond.

39.     Defendant has performed substantial alterations to Griffith Park since January 26, 1992, including but not limited to disability access improvements to the Travel Town Transportation Museum parking, renovation of the Greek Theater North and South terraces including replacing a non-compliant ramp, construction of the outdoor performing arts stage with renovations to the existing restrooms, paths and parking and the installation of an ADA picnic and viewing area and a prefabricated modular pedestrian bridge, demolition of the existing Fern Dell play area and renovation of the adjacent restroom building, path of travel improvements to the Trails Café and interior and exterior improvements to Trails Café, and Pote Field renovation of bleachers, installation of paths of travel and refurbishment of parking stalls.

769027.1

40.     Examples of specific instances and locations at which Ms. Madden has encountered barriers, and continues to encounter barriers, which deny her full and equal access to the parks and park facilities, include but are not limited to the following:

a.     At Venice Beach, there is no signage indicating the designated accessible restrooms. Furthermore, a designated "accessible" restroom that Ms. Madden encountered was very dark, had no grab bars and inaccessible hardware that is difficult to use independently.

b.     The paths of travel at Venice Beach are either broken and cracked, or covered in substantial amounts of sand, making them difficult to traverse for Ms. Madden and similarly situated people with mobility disabilities. There were areas near Muscle Beach where it is too narrow to get around the bleachers. Additionally, when Ms. Madden visits the accessible pathway to Muscle Beach it is blocked by a moveable sign. In addition, there is limited beach access for people with mobility disabilities.

c.     The path of travel from the accessible parking spaces to the Chatsworth Park Recreation Center is over a wooden deck bridge, which is very steep for wheelchair users, or via a concrete pathway accessed through the parking lot, which is unmarked. There are two sets of restrooms but no accessible restrooms at Chatsworth Park Recreation Center, South. The first set is a restroom inside the gymnasium with two narrow stalls and two sinks. These stalls are too narrow and do not accommodate Ms. Madden's wheelchair as there is no turning space and the door does not close. The sinks permit a front or side approach, but the faucets require twisting; the sink hardware is inaccessible. The second restroom is attached to the Recreation Center and has an exterior entry. The stall in

the second restroom is too narrow, and cannot accommodate a person who uses a wheelchair. The sink in the second restroom is located within its own narrow stall, with tile walls on either side of the sink that prevents Ms. Madden's wheelchair from either a front or side approach to the sink.

d. At Chatsworth Park, North, a separate park that does not share facilities with Chatsworth Park South, there are no accessible restrooms. There are three stalls in each of the restrooms, none of which are accessible because they are too narrow, do not have grab bars and the toilet seat is too low. A CALIF client who uses an electric wheelchair and regularly visits Chatsworth Park, North, encountered access barriers, and was unable to access the toilet stall.

e. Ms. Madden also encountered various access barriers at Griffith Park, including but not limited to Pote Field, Trails Café, Fern Dell and the Griffith Park Observatory. Pote Field lacks accessible paths of travel within the park. Several paths of travel around the fields and baseball diamonds and bleachers are broken and uplifted, making them inaccessible to Ms. Madden and similarly situated people with mobility disabilities.

f. At the Fern Dell Playground, the picnic tables are scattered around the play equipment and nearby area. From the paved area surrounding the equipment, access to the picnic tables is on unpaved and unfinished paths of packed dirt, and wooden bridges with uneven landings, and therefore not accessible. In addition, the two designated parking spots to the playground are parallel to the curb. An accessible vehicle with a back loading ramp would not be able to load into and out of the vehicle if another vehicle parked behind it.

g.   At the Trails Café in Griffith Park, the access road is comprised of broken asphalt with severe cracks and uplifts which is extremely dangerous and traveling over such a surface, greatly increases the chance that a wheelchair user, such as Ms. Madden, will tip over and fall out of her wheelchair. There is one designated accessible parking spot via the access road leading to the café. The paved surface or path of travel was covered with sand. The path leads to a newly constructed ramp. At the end of the ramp, there is a step marked with yellow paint which goes down to the café ordering window making it inaccessible. There is a food pick up window on the side of the café before the step, but it is noisy due to an exhaust vent next to it blowing warm air, and there is no menu, pricing, ordering information or dedicated staff at that window.

h.   Ms. Madden attempted to visit the Griffith Park Observatory but could not access it due to the limited number of accessible parking spaces outside the parking lot, the lack of accessible spaces within the parking lot or on the roads leading to and from the Observatory.

41.   Numerous other members of the Plaintiff class of persons with mobility disabilities have also been denied safe, full and equal access to the City's parks and park facilities because of pervasive disability access barriers, as described in the paragraphs below.

42.   These experiences are not isolated or limited circumstances. Rather, these barriers are typical of those experienced by persons with mobility disabilities and demonstrate the inaccessibility, fear, humiliation, and isolation that people with mobility disabilities experience while trying to navigate the City's parks and park facilities. There is no adequate remedy at law and Plaintiffs have been and continue to be irreparably harmed.

43.     There is no adequate remedy at law and Plaintiffs have been and continue to be irreparably harmed by these access barriers. Plaintiffs therefore seek injunctive and declaratory relief requiring Defendant to ensure compliance with Title II of the ADA and its accompanying regulations, Section 504 of the Rehabilitation Act and its accompanying regulations and California Government Code § 11135, *et seq*. and its accompanying regulations.

## CLASS ALLEGATIONS

44.     Plaintiffs bring this action individually and on behalf of all other persons similarly situated and seek class certification pursuant to Federal Rule of Civil Procedure 23(b)(2) for declaratory and injunctive relief only.

45.     **Class Definition**. Plaintiffs seek to represent the following class: All persons with mobility disabilities, including those who use wheelchairs, scooters, canes or other mobility aids and who use or desire to use the parks and park facilities that are open to the public in the City of Los Angeles.

46.     **Class Period**. The class period is defined as commencing three years prior to the filing of this action.

47.     Excluded from the above-referenced class is any judge assigned to hear this case (or any spouse or family member of any assigned judge).

48.     **Impracticability of Joinder (Numerosity of the Class)**. The members of the proposed class are so numerous that joinder of all such persons is impracticable and the disposition of their claims in a class action is a benefit both to the parties and to this Court. The proposed class consists of tens of thousands of persons with mobility disabilities.

49.     **Questions of Fact and Law Common to the Class**. All members of the class have been and continue to be denied their civil rights to full and equal access to the City's parks and park facilities. The common questions of law and fact, shared by the named Plaintiffs and all class members, include but are not limited to:

a.     Whether the City is violating Title II of the ADA, 42 U.S.C. § 12131, *et seq.*, by failing to make its parks and park facilities readily accessible to and useable by persons with mobility disabilities, and otherwise discriminating against persons with mobility disabilities;

b.     Whether the City is violating Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, *et seq.*, by failing to make its parks and park facilities readily accessible to and useable by persons with mobility disabilities, and otherwise discriminating against persons with mobility disabilities;

c.     Whether the City is violating California Government Code § 11135(a), which requires that persons with mobility disabilities receive full and equal access to the benefits of a public entity's facilities, programs and services if the public entity receives any financial assistance from the State of California;

d.     Whether Defendant constructed or altered any parts of its parks and/or park facilities after June 3, 1977;

e.     Whether any parts of Defendant's parks and/or park facilities that were constructed or altered from June 3, 1977 through January 26, 1992 comply with applicable federal disability access standards, including *inter alia,* UFAS;

f.     Whether Defendant constructed or altered any part of its parks and/or park facilities after January 26, 1992;

g.     Whether any parts of Defendant's parks and/or park facilities that were constructed or altered between January 26, 1992 and March 15, 2012 comply with ADAAG or UFAS;

h.     Whether Defendant constructed or altered any parts of its parks and/or park facilities after March 15, 2012;

i.     Whether any parts of Defendant's parks and/or park facilities that were

1    constructed or altered after March 15, 2012 comply with the 2010 ADA

2    Standards for Accessible Design;

3    j.    Whether parks or parts of parks and park facilities owned or operated by

4    the City are "new construction" and/or "alterations" within the meaning

5    of 28 C.F.R. § 35.151;

6    k.    Whether Defendant has remediated any parts of its parks and/or park

7    facilities that were constructed or altered after January 26, 1992 and

8    which do not comply with applicable federal disability access standards

9    as required by 28 C.F.R. § 35.151(c)(5);

10   l.    Whether Defendant has maintained its parks and park facilities so that

11   they are readily accessible to persons with mobility disabilities as

12   required by the ADA, Section 504 and Cal. Gov't Code §§ 11135, *et*

13   *seq.*;

14   m.   Whether the City has failed to adopt or implement reasonable policies

15   and procedures for inspecting, repairing and maintaining the City's

16   parks and park facilities from barriers to access as required by Title II of

17   the ADA and its implementing regulations including 28 C.F.R. § 35.133;

18   n.    Whether Defendant has made reasonable modifications in policies,

19   practices and/or procedures to ensure that persons with mobility

20   disabilities have full and equal access to its parks and park facilities;

21   o.    Whether the City has failed to adopt and implement policies, procedures

22   and practices that are necessary to ensure the prompt and equitable

23   resolution of any complaints or requests for barrier removal from

24   persons with mobility disabilities regarding disability access barriers in

25   the City's parks and park facilities as required by Title II of the ADA

26   and its implementing regulations, including 28 C.F.R. § 35.107;

27   p.    Whether the City has failed to provide notice and signage of any

28

accessible routes, park facilities and amenities to persons with mobility disabilities as required by Title II of the ADA and 28 C.F.R. § 35.163(a) resulting in persons with mobility disabilities being unable to find and use any accessible portions of the City's parks and park facilities and/or being deterred from traveling to certain parks or park facilities;

q.    Whether Plaintiffs and the members of the putative class are entitled to declaratory and injunctive relief, and the nature of such relief.

50.    **Typicality**. The claims of the named Plaintiffs are typical of those of the Class. Plaintiffs' claims are typical of the claims of the proposed class in the following ways: (1) Plaintiffs are members of the proposed class; (2) Plaintiffs' claims arise from the same uniform policies, procedures and practices and course of conduct on the part of the City of Los Angeles; (3) Plaintiffs' claims are based on the same legal and remedial theories as those of the proposed class and involve similar factual circumstances; (4) the injuries of the named Plaintiffs are similar to the injuries suffered by the proposed class members; and (5) the injunctive and declaratory relief sought herein will benefit the named Plaintiffs and all class members alike.

51.    **Adequacy**. The named Plaintiffs will fairly and adequately represent the interests of the proposed class. They have no interests adverse to the interests of other members of the class and have retained counsel who are competent and experienced in litigating complex class actions, including large-scale disability rights class action cases.

52.    **The Class Meets the Requirements of Federal Rule of Civil Procedure 23(b)(2)**. Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive or declaratory relief with respect to the class as a whole. Defendant has failed and refused to provide persons with mobility disabilities with full and equal access to the City's

769027.1

parks and park facilities. Defendant has failed and refused to adopt, implement or enforce appropriate policies, procedures and/or practices that are necessary to ensure that persons with mobility disabilities are provided with full and equal access to its parks and park facilities.

## FIRST CLAIM FOR RELIEF
### Title II of the Americans with Disabilities Act of 1990
### 42 U.S.C. § 12101, *et seq.*

53.     Plaintiffs incorporate by reference as though fully set forth herein the preceding paragraphs of this Complaint.

54.     When it enacted the ADA, Congress found that "individuals with disabilities continually encounter various forms of discrimination, including … the discriminatory effects of architectural … barriers." 42 U.S.C. § 12101(a)(5).

55.     Congress enacted the ADA upon finding, among other things, that "society has tended to isolate and segregate individuals with disabilities" and that such forms of discrimination continue to be a "serious and pervasive social problem." 42 U.S.C. § 12101(a) (2).

56.     In response to these findings, Congress explicitly stated that the purpose of the ADA is to provide "a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities" and "clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities." 42 U.S.C. § 12101(b) (1)-(2).

57.     The acts alleged herein constitute violations of Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12131, *et seq.*, and the regulations promulgated thereunder. Title II of the ADA provides in pertinent part: "[N]o qualified individual with a disability shall, by reason of such disability . . .  be subjected to discrimination by any [public] entity." 42 U.S.C. § 12132.

58.     The City is a public and local government entity within the meaning of Title II of the ADA.

59.     At all times relevant to this action, Plaintiffs and members of the proposed class were and are qualified individuals with disabilities within the meaning of Title II of the ADA and met and meet the essential eligibility requirements for the receipt of the services, programs or activities of the City. 42 U.S.C. § 12131.

60.     The parks and park facilities at issue in this action are all public programs, activities and services owned, under the control of and/or maintained by the City, or operated and/or administered by the City or its agents and offered to or made available to the general public. The paved pathways, walkways, ramps, restrooms, picnic areas, playgrounds, clubhouses, athletic fields and event spaces are also facilities within the meaning of Title II of the ADA and its accompanying regulations and the ADAAG and the 2010 ADAS.

61.     The acts and omissions alleged herein constitute violations of Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. §§12131, *et seq.*, and the regulations promulgated thereunder. Defendant's discriminatory conduct alleged herein constitutes, *inter alia*:

a.      failing and refusing to provide full, equal and safe access to the City's parks and park facilities;

b.      performing new construction to the City's parks and park facilities after January 26, 1992 that does not comply with applicable federal access standards, including ADAAG, UFAS and/or the 2010 ADAS;

c.      performing alterations to the City's parks and park facilities after January 26, 1992 that do not comply with applicable federal access standards, including ADAAG, UFAS and/or the 2010 ADAS;

d.      failing and refusing to remediate non-complying new construction and alterations as required by 28 C.F.R. § 35.151(c)(5);

e.      failing to maintain in operable condition those features of facilities that

769027.1

1    Title II of the ADA requires to be readily accessible to and usable by

2    persons with disabilities as required by 28 C.F.R. § 35.133;

3    f.    failing and refusing to make reasonable modifications in policy and

4    practice that are necessary to ensure that persons with mobility

5    disabilities have full and equal access to Defendant's parks and park

6    facilities; and

7    g.    failing to take prompt and equitable steps to remedy the City's

8    discriminatory conduct.

9    62.    The parks administered by Defendant include buildings, structures, and

10   related facilities within the meaning of the ADAAG, 2010 ADAS and UFAS.

11   Plaintiffs are informed and believe, and on that basis allege, that since January 26,

12   1992, Defendant has constructed, altered, altered or repaired parts of these parks

13   within the meaning of the ADAAG, 2010 ADAS and the UFAS, and that Defendant

14   has failed to make its facilities readily accessible to and usable by persons with

15   disabilities as required under federal accessibility standards, including the ADAAG,

16   2010 ADAS and UFAS.

17   63.    Because Defendant's discriminatory conduct is ongoing, declaratory and

18   injunctive relief are appropriate remedies. Plaintiffs have no adequate remedy at law.

19   Plaintiffs and members of the proposed class have suffered, and continue to suffer

20   discrimination as a direct and proximate result of Defendant's ongoing failure to

21   provide accessible parks and park facilities to persons with mobility disabilities as

22   required by Title II of the ADA and its accompanying regulations.

23   64.    Pursuant to 42 U.S.C. § 12133, Plaintiffs and the proposed class are

24   entitled to declaratory and injunctive relief as well as reasonable attorneys' fees,

25   costs and litigation expenses incurred in bringing this action.

26

27

28

769027.1

1

2

## SECOND CLAIM FOR RELIEF
### Section 504 of the Rehabilitation Act of 1973
### 29 U.S.C. § 794, *et seq.*

3

4

5

6

7

8

9

65.     Plaintiffs incorporate by reference as though fully set forth herein the preceding paragraphs of this Complaint. The acts alleged herein constitute violations of Section 504 of the Rehabilitation Act of 1973 and the regulations promulgated thereunder. Section 504 provides, *inter alia*, that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance. . ." 29 U.S.C. § 794.

10

11

12

13

66.     The City and its departments or agencies having responsibility for the City's parks and park facilities are direct recipients of federal financial assistance sufficient to invoke the coverage of Section 504, and has received such federal financial assistance at all times relevant to the claims asserted in this Complaint.

14

15

16

17

67.     The parks and park facilities at issue in this action are all programs and activities provided or made available by Defendant to the general public at, by or through parks and park facilities owned, controlled by and/or maintained by Defendant, or operated and/or administered by Defendant or its agents.

18

19

20

68.     Plaintiffs and the proposed class are otherwise qualified to participate in the programs and or activities that are provided to individuals in the City's parks and park facilities. *See* 29 U.S.C. § 794(b).

21

22

23

24

69.     The acts and omissions alleged herein constitute violations of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §§ 794, *et seq.*, and the regulations promulgated thereunder. Defendant's discriminatory conduct alleged herein constitutes, *inter alia*:

25

26

a.     failing and refusing to provide full, equal and safe access to the City's parks and park facilities;

27

b.     performing new construction to the City's parks and park facilities after

28

769027.1

1  June 3, 1977 that does not comply with applicable federal access
2  standards, including but not limited to UFAS;

3  c.  performing alterations to the City's parks and park facilities after June 3,
4  1977 that do not comply with applicable federal access standards,
5  including but not limited to UFAS;

6  d.  failing and refusing to remediate new construction and alterations that
7  do not comply with applicable federal access standards;

8  e.  failing to maintain in operable condition those features of the City's
9  parks and park facilities that are required to be readily accessible to and
10  usable by persons with disabilities;

11  f.  failing and refusing to make reasonable modifications in policy and
12  practice that are necessary to ensure that persons with mobility
13  disabilities have full and equal access to Defendant's parks and park
14  facilities; and

15  g.  failing to take prompt and equitable steps to remedy Defendant's
16  discriminatory conduct.

17  70.  The foregoing conduct has had, and continues to have, the effect of
18  excluding Plaintiffs from participation in, denying Plaintiffs the benefits of, and
19  subjecting Plaintiffs to discrimination in the benefits and services of the City's
20  parks and park facilities based solely by reason of their disabilities.

21  71.  The public parks and park facilities owned and operated by Defendant
22  include buildings, structures, and related facilities within the meaning of the
23  ADAAG, 2010 ADAS and the UFAS. Plaintiffs are informed and believe, and on
24  that basis allege, that since June 3, 1977, Defendant has constructed, altered or
25  repaired parts of these parks and park facilities within the meaning of the ADAAG,
26  2010 ADAS, the UFAS, and other applicable federal disability access design
27  standards, and have failed to make them readily accessible to and usable by persons

28

1    with disabilities as required under federal accessibility standards.

2         72.    Because Defendant's discriminatory conduct is ongoing, declaratory and

3    injunctive relief are appropriate remedies. Plaintiffs have no adequate remedy at law.

4    Plaintiffs and the proposed class have suffered, and continue to suffer,

5    discrimination as a direct and proximate result of Defendant's ongoing failure to

6    provide accessible parks and park facilities to persons with mobility disabilities and

7    Defendant's ongoing failure to ensure full and equal access to the City's parks and

8    park facilities as required by Section 504 of the Rehabilitation Act and its

9    accompanying regulations.

10        73.    Pursuant to 29 U.S.C. § 794a(a) & (b), Plaintiffs and the proposed class

11   are entitled to declaratory and injunctive relief and to recover from Defendant the

12   reasonable attorneys' fees, costs and litigation expenses incurred in bringing this

13   action.

### THIRD CLAIM FOR RELIEF
**California Government Code § 11135**

15        74.    Plaintiffs incorporate by reference the preceding paragraphs of this

16   Complaint, as though fully set forth herein.

17        75.    Section 11135(a) of the California Government Code provides in

18   pertinent part: "No person in the State of California shall, on the basis of …

19   disability, be unlawfully denied the benefits of, or be unlawfully subjected to

20   discrimination under, any program or activity that is funded directly by the state or

21   receives any financial assistance from the state."

22        76.    Pursuant to Section 11135(b) of the California Government Code, a

23   violation of the ADA is a violation of Section 11135.

24        77.    The City is a recipient of state financial assistance within the meaning of

25   Section 11150 of the California Code of Regulations from the State of California

26   sufficient to invoke the coverage of Government Code Sections 11135, *et seq.* The

City, including the departments and agencies responsible for the City's parks and park facilities, was the recipient of such funding and financial assistance at all times relevant to the claims asserted in this Complaint.

78.     The City's public parks and park facilities are a program or activity of the City of Los Angeles.

79.     By its failure to ensure that newly constructed or altered parks and park facilities are designed, constructed, altered, and maintained such that they are accessible to and usable by people with disabilities, the City has refused and failed to provide Plaintiffs and members of the proposed class with full and equal access to their parks and park facilities, programs, services and activities as required by California Government Code sections 11135, *et seq.*

80.     Defendant has refused and failed to provide Plaintiffs and the proposed class with full and equal access to the City's parks and park facilities, programs, and activities as required by California Government Code sections 11135, *et seq.* through Defendant's policies and practices with regard to disability access.

81.     As a direct and proximate result of Defendant's violations of Government Code sections 11135, *et seq.* Plaintiffs have suffered injury, including *inter alia* discrimination and denial of full and equal access to the City's park facilities, programs, and activities, isolation, segregation, struggling to surmount access barriers, and fatigue.

82.     Because Defendant's discriminatory conduct is ongoing, declaratory and injunctive relief are appropriate remedies. Plaintiffs and the proposed class have no adequate remedy at law. Pursuant to Government Code § 11139, Plaintiffs are entitled to equitable relief.

83.     Plaintiffs and the proposed class are also entitled to reasonable attorneys' fees, costs and litigation expenses incurred in bringing this action pursuant to Cal. Code of Civ. Proc. § 1021.5.

769027.1

## ALLEGATIONS SUPPORTING DECLARATORY AND INJUNCTIVE RELIEF

84. Plaintiffs incorporate by reference as though fully set forth herein the preceding paragraphs of this Complaint.

85. A present and actual controversy exists regarding the respective rights and obligations of Plaintiffs and Defendant. Plaintiffs desire a judicial declaration of the rights of Plaintiffs and the proposed class and Defendant's obligations and a declaration as to whether, and to what extent, the Defendant's conduct alleged herein violates applicable disability civil rights law.

86. Such a declaration is necessary and appropriate at this time in order that Plaintiffs may ascertain their rights. Such a declaration is also necessary and appropriate to prevent further harm or infringement of the rights of Plaintiffs and the proposed class.

87. The aforementioned acts and omissions of Defendant constitute a denial of full and equal access to and use of Defendant's parks and park facilities and have caused Plaintiffs and the proposed class to suffer deprivation of their civil rights. As a direct and proximate result of the aforementioned acts and omissions, Plaintiffs have suffered and continue to suffer injury, including *inter alia* discrimination, denial of full and equal access to the City's parks and park facilities, isolation, segregation, struggling to surmount access barriers, and fatigue.

88. Plaintiffs and the proposed class are entitled to declaratory and injunctive relief pursuant to each of the laws under which this action is brought.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request judgment as follows:

1. A declaration that Defendant's conduct as alleged herein has violated, and continues to violate, Title II of the ADA, 42 U.S.C. § 12131, *et seq.*, and the regulations promulgated thereunder, Section 504 of the Rehabilitation Act, 29

U.S.C. § 794, *et seq.* and California Government Code § 11135, *et seq.*, and the regulations promulgated thereunder;

    2.    Issuance of preliminary and permanent injunctions requiring Defendant to undertake remedial measures to mitigate the effects of Defendant's past and ongoing violations of Title II of the ADA, Section 504, California Government Code § 11135; and the regulations promulgated under each of these statutes. At a minimum, Defendant must be enjoined to take the following actions:

        a.    Undertake prompt measures pursuant to 28 C.F.R. § 35.151(c)(5) and California Government Code § 4452 to remediate non-compliant new construction and alterations to the City's parks and park facilities to bring them into compliance with the 2010 ADAS and the CBC;

        b.    Ensure that all future new construction and alterations to the City's parks and park facilities comply with the 2010 ADAS and the most recent iteration of the CBC, whichever is stricter in its requirements for disability access; and

        c.    Remain under this Court's jurisdiction until Defendant fully complies with the Orders of this Court;

    3.    Award Plaintiffs all costs of this proceeding, including reasonable attorneys' fees, costs and litigation expenses, as provided by law; and

    4.    Such other relief as the Court finds just and proper.

DATED: July 26, 2024               Respectfully Submitted,

By:   /s/ Guy B. Wallace
       Guy B. Wallace
       Mark T. Johnson

SCHNEIDER WALLACE
   COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7105


By:   /s/ Paula Pearlman
Paula Pearlman
pauladpearlman@gmail.com
LAW OFFICES OF PAULA PEARLMAN
9610 Beverlywood Street
Los Angeles, California 90034-1825
Telephone: (310) 558-4808


By:   /s/ Linda Dardarian

Linda Dardarian
Andrew P. Lee
GOLDSTEIN, BORGEN, DARDARIAN &
   HO
155 Grand Avenue, Suite 900
Oakland, California 94612-3536
Telephone: (510) 763-9800
Facsimile: (510) 835-1417


By:   /s/ Jinny Kim
Jinny Kim
Amelia Evard
DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, California  94704
Telephone: (510) 519-9790
Facsimile:  (510) 665-8511


Attorneys for Plaintiffs and the Proposed Class