Guy B. Wallace (SBN 176151)
gwallace@schneiderwallace.com
Mark Johnson (SBN 76904)
mjohnson@schneiderwallace.com
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7105

Linda M. Dardarian (SBN131001)
ldardarian@gdbhlegal.com
Andrew P. Lee (SBN 245903)
alee@gbdhlegal.com
GOLDSTEIN, BORGEN,
DARDARIAN & HO
155 Grand Avenue, Suite 900
Oakland, California 94612
Telephone: (510) 763-9800
Facsimile: (510) 835-1417

Jinny Kim (SBN 208953)
jkim@dralegal.org
Amelia Evard (SBN 341940)
aevard@dralegal.org
DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, California 94704-1204
Telephone: (510) 665-8644
Facsimile: (510) 665-8511

Paula Pearlman (SBN 109038)
pauladpearlman@gmail.com
LAW OFFICE OF PAULA PEARLMAN
9610 Beverlywood Street
Los Angeles, California 90034-1825
Telephone: (213) 760-1340

Attorneys for Plaintiffs and Proposed Class

Attorneys for Plaintiffs and Proposed Class

*Additional counsel on following page*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDY GRIFFIN, OLIVIA ALMALEL, R.S., by and through her guardian ad litem, Matthew Struski, and COMMUNITIES ACTIVELY LIVING INDEPENDENT AND FREE ("CALIF"), on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF LOS ANGELES,<br><br>Defendant. | Case No: 2:24-cv-06312<br><br>CLASS ACTION<br><br>**JOINT RULE 26(f) CONFERENCE REPORT**<br><br>Scheduling Conference<br><br>Date:       November 18, 2024<br>Time:       9:00 a.m.<br>Courtroom: 850<br>Location:   Roybal Courthouse<br><br>Judge: Hon. R. Gary Klausner<br>Complaint Filed: July 26, 2024 |

Elizabeth M. Pappy (SBN 157069)
E-mail: epappy@bwslaw.com
Daphne M. Anneet (SBN 175414)
E-mail: danneet@bwslaw.com
Evan L. Miller (SBN 336473)
E-mail: emiller@bwslaw.com
Anna G. Barker (SBN 352896)
E-mail: abarker@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, Suite 2400,
Los Angeles, CA 90071-2953
Tel: 213.236.0600  Fax: 213.236.2700

HYDEE FELDSTEIN SOTO, City Attorney (SBN 106866)
DENISE C. MILLS, Chief Deputy City Attorney (SBN 191992)
KATHLEEN A. KENEALY, Chief Assistant City Attorney (SBN 212289)
GABRIEL S. DERMER, Assistant City Attorney (SBN 229424)
200 North Main Street, Room 675
Los Angeles, California 90012
Tel: 213-978-7558 / Fax: 213-978-7011
gabriel.dermer@lacity.org

Attorneys for Defendant
CITY OF LOS ANGELES

**TO THIS HONORABLE COURT:**

Named Plaintiffs Judy Griffin, Olivia Almalel, R.S., by and through her guardian ad litem Matthew Struski, and Communities Actively Living Independent and Free ("CALIF") (collectively, "Plaintiffs") and Defendant City of Los Angeles ("the City") submit the following Joint Report pursuant to Rules 16 and 26(f) of the Federal Rules of Civil Procedure and this Court's Order Setting Scheduling Conference dated October 15, 2024 (ECF No. 34).

### A. Statement of the Case.

#### a. Plaintiffs' Position

Named Plaintiffs are three individuals with mobility disabilities and one organizational plaintiff that includes and advocates on behalf of persons with mobility disabilities, who bring this case on behalf of themselves and a proposed class comprised of "all persons with mobility disabilities, including those who use wheelchairs, scooters, canes or other mobility aids and who use or desire to use the parks, and park facilities that are open to the public in the City of Los Angeles." They allege that the City of Los Angeles has engaged in pervasive and systematic discrimination against persons with mobility disabilities through policies and practices that have denied and continue to deny them full and equal access to the City's parks and park facilities. Specifically, the City has failed and refused to ensure that its newly constructed and renovated public park facilities are readily accessible to and usable by persons with mobility disabilities in violation of federal and state disability access laws.

The City has performed new construction and alterations to its existing park facilities without complying with federal and state disability access design standards. In addition, it has routinely failed to maintain its parks and park facilities in a condition that is accessible to persons with mobility disabilities as required by federal and state law. As a result, Plaintiffs Judy Griffin, Olivia Almalel, R.S., members of Communities Actively Living Independent and Free ("CALIF") and similarly situated individuals

have experienced ongoing deprivation of their civil rights because of the City's repeated and continuing violations of federal and state disability nondiscrimination laws regarding access for persons with mobility disabilities.

The park facilities owned, operated, controlled and/or maintained by the City are characterized by multiple, pervasive, and hazardous physical access barriers. The physical access barriers in City parks include, *inter alia*, inaccessible entrances and exits, inaccessible restrooms, inaccessible public buildings, inaccessible and/or hazardous paths of travel within City parks, inaccessible athletic fields, inaccessible picnic areas, inaccessible playgrounds, and inaccessible or nonexistent parking for people with mobility disabilities.

The City's conduct violates its obligations under Section 504 of the Rehabilitation Act of 1973 ("Section 504"), Title II of the Americans with Disabilities Act of 1990 ("ADA"), as well as California Government Code Section 11135, to ensure that the design, construction, and/or alteration of City facilities comply with the applicable design standards, including inter alia, the 1991 Americans with Disabilities Act Accessibility Guidelines ("ADAAG"), the 2010 Americans with Disabilities Act Standards for Accessible Design ("2010 ADAS"), and the applicable version of the California Building Code ("CBC"). The City has known for over three decades that it is required by these laws to ensure the accessibility of its parks to persons with mobility disabilities. These legal mandates were and continue to be necessary to create full and equal access to the park facilities and programs owned, operated, controlled, and/or maintained by the City. The City has failed to meet these federal requirements, as well as similar requirements under California law, and has consequently denied full and equal access to persons with mobility disabilities. The resulting physical access barriers have caused and continue to cause harm to Plaintiffs.

The discrimination and denial of full and equal access to Defendant's parks and park facilities complained of herein are the direct result of Defendant's policies and

practices regarding the City's parks and disability access. These policies and practices, or lack thereof, have resulted in discrimination against persons with mobility disabilities in the form of denial of full and equal access to the City's parks and park facilities that manifests in common ways throughout the City.

Plaintiffs seek declaratory and injunctive relief against Defendant for violating the ADA, Section 504 and California Government Code § 11135 and their accompanying regulations, including an order requiring remediation of non-compliant new construction and alterations to the City's park and park facilities. Should they prevail, Plaintiffs also seek an award of reasonable attorneys' fees, litigation expenses, and costs under applicable law.

### b. The City's Position

The City denies that it engaged in pervasive and systematic discrimination against persons with mobility disabilities through policies and practices that have denied and continue to deny them full and equal access to the City's parks and park facilities. The City endeavors to provide full and equal access to all parks and park facilities to all individuals with mobility disabilities. The City takes all necessary and available steps to ensure that newly constructed and renovated public park facilities are readily accessible to and usable by persons with mobility disabilities. The City denies that it routinely fails to maintain its parks and park facilities in a condition that is accessible to persons with mobility disabilities as required by federal and state law. The City takes all necessary and available steps to ensure that maintenance of parks and park facilities comply with federal and state disability laws enabling individuals with mobility disabilities to access and utilize City parks and park facilities. Indeed, to ensure the accessibility of all park facilities, the City began a survey of those facilities, by Certified Access Specialists utilizing BlueDAG, well before this lawsuit was initiated.

### B. Subject Matter Jurisdiction.

The Court has jurisdiction over Plaintiffs' claims for violation of the ADA and Section 504 under 28 U.S.C. §§ 1331 and 1343. The Court has supplemental jurisdiction over Plaintiffs' claim arising under California Government Code § 11135, *et seq.*, pursuant to 28 U.S.C. § 1367, as that claim is based on the same actions and omissions that form the basis for Plaintiffs' federal claims. This Court has jurisdiction over Plaintiffs' claims for declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202.

### C. Legal Issues.

With respect to Plaintiffs' claim arising under the ADA, the key legal issues are: (1) whether Plaintiffs are qualified individuals with disabilities within the meaning of Title II of the ADA; (2) whether the City's newly constructed and altered parks and park facilities are readily accessible to and useable by persons with mobility disabilities; (3) whether, since January 26, 1992, the City has constructed, altered, or repaired its parks and park facilities without complying with ADAAG, 2010 ADAS or the Uniform Federal Accessibility Standards ("UFAS"); and (4) whether the City maintains the accessible features of its parks and park facilities.

With respect to Plaintiffs' claim arising under Section 504, the key legal issues are: (1) whether Plaintiffs are qualified individuals with disabilities; (2) whether the City is a recipient of federal financial assistance sufficient to invoke the coverage of Section 504; (3) whether the City denies Plaintiffs the benefits and services of the City's parks and park facilities solely by reason of their disability; (4) whether, since June 3, 1977 the City has constructed or altered parks and park facilities without complying with applicable federal disability access standards, including, but not limited to UFAS; and (5) whether the City has failed to maintain those features of its parks and park facilities that are required to be readily accessible to and usable by persons with mobility disabilities.

With respect to Plaintiffs' claim arising under California Government Code § 11135, *et seq.*, the key legal issues are: (1) whether Plaintiffs are persons with mobility disabilities; (2) whether the City receives financial assistance from the State of California sufficient to invoke the coverage of Government Code §11135, *et seq.*; (3) whether, by reason of its failure to ensure that newly constructed or altered parks and park facilities are designed, constructed altered and maintained in compliance with applicable federal and state designed standards, the City has failed to provide Plaintiffs with full and equal access to those facilities; and (4) whether a failure by the City to comply with the implementing regulations of the ADA and Section 504, including the self-evaluation and transition plan requirements, make the City liable under Government Code §§11135(b) and 11139.

With respect to Plaintiffs' claim that the present action should be certified as a class action, the primary legal issues are: (1) whether Plaintiffs will be adequate representatives of the putative class; (2) whether Plaintiffs have personally been injured by the City's alleged actions or inactions; (3) whether Plaintiffs' claims against the City present questions of law or fact that are common to the putative class members; and (4) whether Plaintiffs' claims are typical of those held by the other members of the putative class.

With respect to Defendant's defenses, Plaintiffs must establish that they are qualified individuals with disabilities as defined by federal and state law. Defendant alleges that the requested modifications and relief would cause an undue burden on Defendant and/or are structurally and/or technically infeasible. Defendant further alleges that Plaintiffs lack standing to challenge programs, services, assignments, or activities for which they failed to apply or for which they were not denied and have not suffered any damages or harm whatsoever by reason of the conduct alleged against the City, and, by reason of the foregoing, each Plaintiffs lack standing and are otherwise barred from any relief. The purported claims made by Plaintiffs and members of the

purported class on whose behalf they purport to sue are precluded because the alleged conduct would have affected, if anyone, only an insubstantial number of putative class members. And, the purported class cannot be certified under Federal Rule of Civil Procedure 23 because, inter alia, the purported class, class representatives and/or class counsel fail to meet the necessary requirements for class certification, including adequacy of the class representative, ascertainability, numerosity, commonality, typicality, adequacy, manageability, superiority and injunctive relief requirements for class actions.

### D. Parties, Evidence, etc.

The Plaintiffs are Judy Griffin, Olivia Almalel, R.S., by and through her guardian ad litem Matthew Struski, and Communities Actively Living Independent and Free ("CALIF"). CALIF is a non-profit organization that has as one of its underlying purposes the representation of persons with disabilities, including persons with mobility disabilities, in Los Angeles County.

Defendant is the City of Los Angeles.

The percipient witnesses include Judy Griffin, Olivia Almalel, R.S., by and through her guardian ad litem Matthew Struski, Keith Miller of CALIF, members of the putative class, and certain employees of the City, including not yet identified employees of the Recreation and Parks and Engineering Departments, among others. Plaintiffs reserve the right to name additional individuals as percipient witnesses, including members of the proposed class, as these individuals are identified.

Key documents include: City's Self Evaluations and Transition Plans, documents identifying the parks, park facilities, recreation centers, playgrounds and beaches operated by City Bureaus or Departments, documents identifying construction dates and dates of alterations of those facilities and the scope of the alterations, design standards, plans, and drawings used for such facilities, policies and practices for designing, constructing, altering, maintaining and inspecting such facilities, complaints concerning

disability access issues in the park facilities, budgets and capital improvement plans relating to park facilities, surveys and audits of such facilities, emails discussing the construction, alteration, repair or condition of park facilities. Additional documents include the accessibility surveys of City park facilities conducted by or at the direction of Plaintiffs' accessibility consultant or expert witness. Defendant also intends to seek Plaintiffs' medical records establishing their claim that they have mobility disabilities.

### E.     Damages.

Plaintiffs are not seeking monetary damages.

### F.     Insurance.

The City is self-insured.

### G.     Non-dispositive Motions.

The parties do not at this time anticipate filing motions to add other parties or claims, to file amended pleadings, or to transfer venue.

Plaintiffs believe that this is an appropriate case for class treatment under Rule 23 (b)(2) and have asked Defendant to stipulate to class certification. At this time, Defendant is considering the request to stipulate. On October 29, 2024, Plaintiffs sent the City a proposed stipulated motion for class certification for Defendant's consideration. If the City agrees, Plaintiffs will file the stipulated motion as soon as possible. Otherwise, Plaintiffs will file a motion for class certification by December 19, 2024.

### H.     Manual for Complex Litigation.

Although the case is complex in some respects, the parties do not believe at this time that all or part of the procedures of the Manual for Complex Litigation should be required. However, the parties may reference certain sections of the Manual for Complex Litigation including, but not limited to: Section 11, Pretrial Procedures; Sections 12.1 through 12.3 and Section 12.5, Trials; and Section 21, Class Actions.

### I. Status of Discovery.

Pursuant to Rule 26(d)(1), the parties were precluded from serving any discovery in this case prior to the Rule 26(f) conference, which took place on October 22, 2024. Plaintiffs served Defendant with a first set of document requests and a set of 5 interrogatories on the following day, October 23, 2024. Responses to that written discovery are due on November 22, 2024. The parties have agreed that all discovery and discovery responses, as well as pleadings and other documents to be served in this case, may be served by email.

### J. Discovery Plan.

Counsel for the parties have agreed to provide initial disclosures as required by Federal Rule of Civil Procedure 26(a)(l) to all other parties via email. Plaintiffs will serve their initial disclosures by November 5, 2024. Defendant has requested, and Plaintiffs have agreed, that Defendant will serve their initial disclosures by November 8, 2024. The parties will also send each other copies of any documents required to be included among their initial disclosures via email to the extent feasible, or, otherwise, by regular U.S. mail.

On October 23, 2024, Plaintiffs sent Defendant a stipulation for a proposed Order re: Discovery of Electronic Information based on the Model Stipulated Order available on Magistrate Judge Roccio's website. The proposed Order includes specifics as to the manner and formation in which ESI is to be produced. The stipulation will be filed with the Court as soon as it is finalized.

The parties have entered into a stipulated protective Order based on the sample protective order posted on the Court's website. The proposed order takes into account the fact that the Defendant is a public entity and that, therefore, proprietary or trademarked documents are not likely to be the subject of document requests in this case.

Plaintiffs' Anticipated Discovery

- Document Requests and Interrogatories

Plaintiffs intend to follow up their first set of document requests and interrogatories with additional written discovery as needed, based on information learned from the documents and information produced in response to the first phase of written discovery. The timing of such follow-up discovery will depend on the time it takes for Defendant to produce documents and information responsive to Plaintiffs first set of document requests and interrogatories. At this time, Defendant has advised Plaintiffs that the production of documents responsive to Plaintiffs' first set of document requests will take at least 4 months to complete, with production on a rolling basis to begin by February 15, 2025. This proposed timing is problematic given the December 19, 2024 deadline for seeking class certification. The parties have agreed to meet and confer about prioritizing the production of documents that are relevant to Plaintiffs' motion for class certification. Plaintiffs reserve their right to compel documents that are not timely produced pursuant to Federal Rule of Civil Procedure 34(b)(2).

- Depositions

Given the complexity of the case, the time period at issue, the number of parks and park facilities at issue, and the number of City employees and other witnesses who are likely to have knowledge of relevant facts, Plaintiffs have proposed to Defendant that the parties agree to expand the default limit of ten (10) depositions that can be taken without leave of Court. Defendant has declined to do so because it believes that the majority of depositions will be 30(b)(6) depositions and not those of an individual, and the 30(b)(6) can and most likely will involve several individuals covering most areas of inquiry. Plaintiffs reserve their right to seek more than 10 depositions and, at the appropriate time, once Plaintiffs have more information about the scope of the case following a ruling on class certification and a determination of the number of potential witnesses in the case, and if the parties reach an impasse after meeting and conferring,

may seek leave of court to exceed the 10-deposition limit.

Plaintiffs also intend to notice a deposition of Defendant on multiple topics pursuant to Fed. R. Civ. P. Rule 30(b)(6) and the parties agree that the 30(b)(6) deposition will count as a single deposition. The parties have met and conferred and agree that this discovery tool will be a primary source of relevant discovery in this case. Accordingly, the parties agree that they will meet and confer regarding the topics for a Rule 30(b)(6) deposition and total limitation on hours for the total number of topics to be allocated as Plaintiffs deem appropriate. The parties have also agreed that the Rule 30(b)(6) deposition may include a topic by Plaintiffs as to the City's systems for creating, storing, maintaining, backing up and transmitting potentially relevant documents, data and other information, including the City's email system ("Systems Depositions"), and that the Systems Depositions will be included in the above-described 30(b)(6) deposition and not counted separate and apart from the 30(b)(6) described above, as additional depositions against Plaintiffs total of 10 depositions. Any Systems Depositions shall be limited to 7 hours each. Plaintiffs are prepared to take the Systems Depositions when Defendant identifies the appropriate witnesses.

The timing for noticing the above-described depositions, except for the Systems Depositions, will depend on Defendant's production of documents responsive to Plaintiffs first set of document requests and Plaintiffs opportunity to review those documents to identify potential witnesses and topics for the 30(b)(6) depositions.

- <u>Requests for Admission and Contention Interrogatories</u>

Plaintiffs will likely serve requests for admission and contention interrogatories in order to narrow the issues in the case before dispositive motions are filed and/or before trial.

- <u>Site Inspections</u>

Plaintiffs will be conducting site inspections of many of the parks and park facilities at issue through disability access experts, including architects and Certified

Access Specialists under California's CASp program. The number, location and timing of such site inspections is yet to be determined and will be based, in part, on information obtained from Defendant in discovery about the parks and park facilities at issue. Because the parks are open to the public, formal notices of such inspections pursuant to Fed. R. Civ. P. are not required. However, the parties are engaged in discussions as to whether the City would like advanced informal notice of such inspections and whether some or all of the inspections might be joint inspections at which Defendant's own experts attend, or whether certain locations within park facilities may be locked and would require staff to unlock a door, e.g. to a restroom.

<u>Defendant's anticipated discovery</u>

Defendant anticipates serving Special Interrogatories and Requests for Production of Documents to Plaintiffs for documents obtained outside of the discovery process in this matter and proof of standing for the individual Plaintiffs.

Defendant anticipates deposing the named Plaintiffs and a 30(b)(6) deposition for the entity Plaintiff.

**K.  Discovery Cut-Off.**

The parties propose a discovery cut-off date of May 8, 2026. This includes the resolution of all discovery motions.

**L.  Expert Discovery.**

The parties propose that expert disclosures take place on or before July 23, 2026 with rebuttal disclosures to take place on or before August 28, 2026.

The parties propose an expert discovery cut-off date of October 9, 2026.

**M.  Dispositive Motions.**

Plaintiffs intend to file a motion for partial summary judgment concerning Defendant's liability under the ADA, Section 504 and California Government Code § 11135.

The City does not anticipate filing motions for summary judgment because of the

significant factual disputes for any such motion by either party given the nature of the applicable scoping requirements for the ADA and California Building Code.

### N. Settlement and Alternative Dispute Resolution.

Both sides are open to discussions of possible informal resolution of the case, but agree that any such negotiations would have to take place on a separate track while the litigation proceeds. The parties believe any settlement negotiations should take place after a first wave of discovery, including some site inspections, is completed. The parties prefer ADR Procedure No. 2 under Local Rule 16-15.4, participation in a mediation before a neutral selected from the Court's Mediation Panel, and are submitting ADR-01, Request: ADR Procedure Selection with this Report.

### O. Trial Estimate.

Due to the volume of evidence and witnesses, the parties anticipate that the trial of this matter may take up to 20 days, depending on the scope of the case following a ruling on the motion for class certification and the number and volume of witnesses and potential exhibits identified in discovery. The parties will meet and confer throughout the case regarding ways to narrow and streamline the issues for trial including stipulated facts.

### P. Trial Counsel.

Plaintiffs' trial counsel will be Jinny Kim of Disability Rights Advocates, Linda Dardarian and Andrew Lee of Goldstein, Borgen, Dardarian & Ho, Paula Pearlman of the Law Office of Paula Pearlman, and Guy Wallace of Schneider Wallace Cottrell Konecky, LLP.

The City's trial counsel will be Elizabeth M. Pappy and Daphne Anneet.

### Q. Independent Expert or Master.

The parties do not at this time believe that a master pursuant to Rule 53 or an independent scientific expert will be necessary in this case, although Plaintiffs may consider seeking the appointment of an independent expert on accessibility and

transition planning at the remedy phase of the litigation.

**R.   Timetable.**

The parties' proposed Schedule of Pretrial and Trial Dates is as follows:.

| Event | The Parties' Request | Court's Order |
|---|---|---|
| Last day to amend pleadings or add parties | November 7, 2025 | |
| Non-expert discovery cut-off | May 8, 2026 | |
| Expert Disclosures (Initial) | July 24, 2026 | |
| Expert Disclosures (Rebuttal) | August 28, 2026 | |
| Expert Discovery Cutoff | October 9, 2026 | |
| Last day for hearing dispositive motions | December 7, 2026 | |
| Pre-trial conference | February 4, 2027 | |
| Last Day to hear motions in limine | February 19, 2027 | |
| Trial | April 6, 2027 | |

**S.   Other Issues**

The parties do not anticipate there will be additional issues affecting the status of management of the case. The parties do not believe severance, bifurcation, or other ordering of proof will be needed.

DATED: November 5, 2024              DISABILITY RIGHTS ADVOCATES

By:   */s/ Jinny Kim*
Jinny Kim
Attorneys for Plaintiffs

Dated: November 5, 2024	BURKE, WILLIAMS & SORENSEN, LLP


By: _____*/s/ Daphne M. Anneet*_____
	Elizabeth Pappy
	Daphne M. Anneet
	Attorneys for Defendant
	CITY OF LOS ANGELES

# SIGNATURE ATTESTATION

Pursuant to Local Rule 5-4.3.4(aX2X), I hereby certify that the content of this document is acceptable to Jinny Kim, counsel for Plaintiffs, and that I have obtained Ms. Kim's authorization to affix her electronic signature to this document.

Dated: November 5, 2024

BURKE, WILLIAMS & SORENSEN, LLP

By:  */s/ Daphne M. Anneet*

Elizabeth M. Pappy
Daphne M. Anneet

Attorneys for Defendant
CITY OF LOS ANGELES