Guy B. Wallace (SBN 176151)
gwallace@schneiderwallace.com
Mark T. Johnson (SBN 76904)
mjohnson@schneiderwallace.com
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7105

Linda M. Dardarian (SBN131001)
ldardarian@gdbhlegal.com
Andrew P. Lee (SBN 245903)
alee@gbdhlegal.com
GOLDSTEIN, BORGEN,
DARDARIAN & HO
155 Grand Avenue, Suite 900
Oakland, California 94612
Telephone: (510) 763-9800
Facsimile: (510) 835-1417

Attorneys for Plaintiffs and Proposed Class

*Additional counsel on following page*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JUDY GRIFFIN, OLIVIA ALMALEL, R.S., by and through her guardian ad litem, Matthew Struski, and COMMUNITIES ACTIVELY LIVING INDEPENDENT AND FREE ("CALIF"), on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF LOS ANGELES,<br><br>Defendant. | Case No: 2:24-cv-06312<br><br>CLASS ACTION<br><br>**[PROPOSED] STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION** |

Jinny Kim (SBN 208953)
jkim@dralegal.org
Amelia Evard (SBN 341940)
aevard@dralegal.org
DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, California 94704-1204
Telephone: (510) 665-8644
Facsimile: (510) 665-8511

Paula Pearlman (SBN 109038)
pauladpearlman@gmail.com
LAW OFFICES OF PAULA PEARLMAN
9610 Beverlywood Street
Los Angeles, California 90034-1825
Telephone: (213) 760-1340

Attorneys for Plaintiffs and Proposed Class


Elizabeth M. Pappy (SBN 157069)
E-mail: epappy@bwslaw.com
Daphne M. Anneet (SBN 175414)
E-mail: danneet@bwslaw.com
Evan L. Miller (SBN 336473)
E-mail: emiller@bwslaw.com
Anna G. Barker (SBN 352896)
E-mail: abarker@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, Suite 2400,
Los Angeles, CA 90071-2953
Tel: 213.236.0600   Fax: 213.236.2700

HYDEE FELDSTEIN SOTO, City Attorney (SBN 106866)
DENISE C. MILLS, Chief Deputy City Attorney (SBN 191992)
KATHLEEN A. KENEALY, Chief Assistant City Attorney (SBN 212289)
GABRIEL S. DERMER, Assistant City Attorney (SBN 229424)
200 North Main Street, Room 675
Los Angeles, California 90012
Tel: 213-978-7558 / Fax: 213-978-7011
gabriel.dermer@lacity.org

Attorneys for Defendant
CITY OF LOS ANGELES

1.  **PURPOSE**

This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Local Rules, this Court's Standing Order on Discovery Disputes, and any other applicable orders and rules. Nothing in this order is intended to alter or affect any party's rights or obligations under any order by the assigned District Judge, but shall be construed instead, wherever possible, as consistent with any order by the assigned District Judge.

2.  **COOPERATION**

The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Standing Order on Discovery Disputes, the Federal Rules of Civil Procedure, and the Local Rules of this Court. The parties acknowledge that they have reviewed and shall reference the Court's Checklist for Conference of Counsel Regarding ESI (attached as Exhibit A) during any Rule 26 conference and when seeking to resolve discovery disputes about ESI during meet-and-confer conferences.

3.  **ESI PERSON(S) MOST KNOWLEDGEABLE**

The parties have identified ESI Person(s) Most Knowledgeable ("ESI PMK") to each other who are and will be knowledgeable about and responsible for discussing their respective ESI. Each ESI PMK will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter. The parties will rely on the ESI PMK, as needed, to confer about ESI and to help resolve disputes without court intervention.

4.  **PRESERVATION**

The parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate. At this time, neither party has identified any ESI that they believe would be burdensome to

preserve. Going forward, should either party identify categories of documents or data that they contend would be burdensome or disproportionate to preserve, the parties will meet and confer to determine what measures, if any, should be taken to minimize the burden while preserving documents that are relevant and proportionate to the needs of the case.

5. **SEARCH**

The parties agree that in responding to an initial Fed.R.Civ.P.34 request, or earlier if appropriate, they will meet and confer about methods to search ESI to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery. To the extent that search terms or phrases are used to identify and produce responsive ESI, the parties will meet and confer regarding the terms to be used and the custodians or files to which such search terms should be applied.

6. **PRODUCTION FORMATS**

The parties agree to produce documents in PDF, TIFF, native and/or paper formats, or a combination thereof, as appropriate or agreed upon with respect to particular productions. As a general rule, ESI shall be produced in the format and manner set forth in Exhibit A to this stipulation with the metadata identified therein. If particular documents warrant a different format or manner of production, the parties will cooperate to arrange for the mutually acceptable production of such documents. The parties agree not to degrade the searchability of documents as part of the document production process.

7. **PHASED DISCOVERY**

When a party propounds discovery requests pursuant to Fed.R.Civ.P. 34, the parties will meet and confer on whether the production of responsive ESI should be phased and, if so, which categories or types of documents should be prioritized. Following the initial production, the parties will continue to prioritize the order of subsequent productions.

8. **DOCUMENTS PROTECTED FROM DISCOVERY**

a) Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. Nothing contained herein, however, is intended to limit a party's right to conduct a review of ESI for relevance, responsiveness and/or privilege or other protection from discovery.

b) Communications involving trial counsel that post-date the filing of the complaint need not be placed on a privilege log. Communications may be identified on a privilege log by category, rather than individually, if appropriate.

9. **MODIFICATION**

This Stipulated Order may be modified by a Stipulated Order of the parties or by the Court for good cause shown.

IT IS SO STIPULATED, through Counsel of Record.

Dated: November 13, 2024          DISABILITY RIGHTS ADVOCATES

                                  By: /s/ Jinny Kim
                                  Attorneys for Plaintiffs

Dated: November 13, 2024          BURKE, WILLIAMS & SORENSEN, LLP

                                  By:     /s/ Elizabeth M. Pappy
                                  Elizabeth M. Pappy
                                  Daphne M. Anneet
                                  Attorneys for Defendant

**IT IS ORDERED** that the forgoing Agreement is approved.

Dated:

_____
HONORABLE MARGO A. ROCCONI
United States Magistrate Judge

**EXHIBIT A TO STIPULATED ORDER RE DISCOVERY OF ESI PRODUCTION FORMAT AND METADATA**

1. **Production Components.** Productions shall include, single page TIFFs, Text Files, an ASCII delimited metadata file (.txt, .dat, or .csv) and an image load file that can be loaded into commercially acceptable production software (e.g., Concordance).

2. **Search Parameters.** Scanned images must be OCR'd to ensure they are searchable prior to any keyword searching. "OCR" means Optical Character Recognition, and is the machine recognition of printed characters from Image Files or other non-searchable text contained in a document into machine-encoded text so that the text can be indexed and searched for specific characters, words or phrases. For each document, an extracted text file should be provided along with its corresponding TIFF image file(s) and metadata. The file name of each extracted text file should be identical to that of the first image page of its corresponding document, followed by .txt.

3. **Image Load File** shall contain the following comma-delimited fields: BEGBATES, VOLUME, IMAGE FILE PATH, DOCUMENT BREAK, FOLDER BREAK, BOX BREAK, PAGE COUNT.

4. **Metadata Fields and Metadata File.** Each of the metadata and coding fields set forth below that can reasonably be extracted shall be produced for each document. The parties are not obligated to populate manually any of the fields below if such fields cannot be extracted from a document, with the exception of the following: BEGBATES, ENDBATES, BEGATTACH, ENDATTACH, and CUSTODIAN. The parties shall use reasonable efforts to preserve metadata at collection, though the parties recognize that no every file collected needs to be collected so-as to preserve all available metadata. For example, a named plaintiff collecting her own loose file records does not need to do so forensically. To the extent a collected

document's metadata at processing is inaccurate or likely to cause confusion (e.g., reflecting a modified date as the date of collection), that file's metadata may be omitted from production. This exception is meant to be limited in use and typically does not apply to emails. The metadata file shall be delimited according to the following characters:

- Delimiter = ¶ (ASCII:020)
- Text-Qualifier = þ (ASCII:254)
- New Line = ® (ASCII:174)

| Field Name | Field Description |
| --- | --- |
| BEGBATES | Beginning Bates number as stamped on the production image |
| ENDBATES | Ending Bates number as stamped on the production image |
| BEGATTACH | First production Bates number of the first document in a family |
| ENDATTACH | Last production Bates number of the last document in a family |
| CUSTODIAN | Includes the Individual (Custodian) from whom the documents originated and all Individual(s) whose documents de-duplicated out (De-Duped Custodian). |
| ALL CUSTODIAN | A semi-colon delimited list of all custodians in possession of a document. |

| | |
|---|---|
| CONFIDENTIALITY | Indicates if a document is designated Confidential (Y) or not (N) under the operating protective order. |
| SUBJECT | Subject line of email |
| TITLE | Title from properties of document |
| DATESENT | Date email was sent (format: MM/DD/YYYY HH:MM:SS) |
| TO | All recipients that were included on the "To" line of the email |
| FROM | The name and email address of the sender of the email |
| CC | All recipients that were included on the "CC" line of the email |
| BCC | All recipients that were included on the "BCC" line of the email |
| AUTHOR | Any value populated in the Author field of the document properties |
| FILENAME | Filename of an electronic document (Edoc or attachment) |
| MD5HASH | MD5 hash value of the file |
| REDACTION | Indicates if a document contains redactions (Y) or not (N). |

| LOCATION | Original file path showing where the document was stored. For email, this should be the email folder path (e.g. johndoe.pst\Inbox\). For loose files, this should be the path to the file (e.g. Johndoe\Desktop\My Documents\) |
|---|---|
| DATEMOD | Date an electronic document was last modified (format: MM/DD/YYYY HH:MM:SS) (Edoc or attachment) |
| DATECREATED | Date the document was created (format: MM/DD/YYYY HH:MM:SS) (Edoc or attachment) |
| FILETYPE | The document file type (e.g. MS Word, Excel) |
| FILE EXTENSION | The original file extension of the document produced (e.g., .DOC, .PPT, .XLS) |
| TEXTLINK | Searchable Text File Link |
| NATIVELINK | Native File Link (Native Files only) |

5. **TIFFs.** Documents that exist only in hard copy format shall be scanned and produced as TIFFs. Unless exempted below, documents that exist as ESI shall be converted and produced as TIFFs. Unless exempted below, single page Group IV TIFFs should be provided, at least 300 dots per inch (dpi) for all documents. Each TIFF image shall be named according to a unique corresponding Bates number associated with the document. Each image shall be branded according to the Bates number and the agreed upon confidentiality designation. Original document orientation should be maintained (i.e., portrait to portrait and landscape to landscape). TIFFs shall show all text and images that would be visible to a user of the hard

8

copy documents.

6. **Text Files.** A single text file containing OCR or extracted text shall be provided for each document, and the filename should match its respective TIFF filename. A commercially acceptable technology for optical character recognition "OCR" shall be used for all unsearchable, scanned or hard copy documents. Text files will not contain the redacted portions of the documents and OCR text files will be substituted instead of extracted text files for redacted documents.

7. **Image Load Files / Data Load Files.** Each TIFF in a production must be referenced in the corresponding image load file. The total number of documents referenced in a production's data load file should match the total number of designated document breaks in the Image Load file(s) in the production. The total number of pages referenced in a production's image load file should match the total number of TIFF files in the production. The total number of documents in a production should match the total number of records in the data load file.

8. **Bates Numbering.** All images must be assigned a unique Bates number that is sequential within a given document and across the production sets.

9. **Deduplication**

Parties agree to use reasonable efforts to de-duplicate their productions by using hash-based or similar methods. Deduplication should be applied at the Custodial Level.

10. **Confidentiality Designation.** Responsive documents in TIFF format will be stamped with the appropriate confidentiality designations in accordance with the Protective Order in this matter. Each responsive document produced in native format will have its confidentiality designation identified in the filename of the native file.

11. **Redaction of Information.** If documents are produced containing redacted information, an

electronic copy of the original, unredacted data shall be securely preserved in such a manner so as to preserve without modification, alteration or addition the content of such data including any metadata therein.

12. **Native File Productions.**  Spreadsheets (e.g., MS Excel, Google Sheets) and delimited text files (e.g. comma-separated value (.csv) files and tab-separated value (.tsv) files) shall be produced in their native file format.  TIFF images need not be produced unless the files have been redacted, in which instance such files shall be produced in TIFF with OCR Text Files.  If good cause exists to request production of files, other than those specifically set forth above, in native format, the party may request such production and provide an explanation of the need for native file review, which request shall not unreasonably be denied.  Any native files that are produced shall be produced with a link in the NativeLink field, along with extracted text and applicable metadata fields set forth in the Metadata list above.  A TIFF placeholder indicating that the document was provided in native format should accompany the database record.  If a file has been redacted, TIFF images and OCR text of the redacted document will suffice in lieu of a native file and extracted text.

13. **Proprietary Files.**  To the extent a response to discovery requires production of ESI accessible only through proprietary software, the parties should continue to preserve each version of such information.  The parties shall meet and confer to finalize the appropriate production format.

14. **De-Nisting and Exclusion of Non-Readable Files.**  To the extent reasonably possible, all produced files will be subject to de-nisting, which involves the removal of system files and other irrelevant data identified through hash-based deduplication methods or recognized non-substantive file extensions.

Any files that are deemed non-readable by the designated E-Discovery Review Platform (such

10

as Concordance or Relativity) due to corruption, encryption, or incompatible file formats will, to the extent reasonably possible, be excluded from the initial review set. Such files will be logged in a separate report, detailing the file name, file type, and reason for exclusion. The producing party may either provide a readable version of the excluded files or confirm that no readable version exists.

In cases where critical information is embedded in a non-readable file format, parties will, to the extent reasonably possible, work cooperatively to determine alternative methods of accessing or converting the file to ensure its inclusion in the review.

15. **Production Media.**  Documents may be produced by secure FTP, external hard drives, readily accessible computer(s), or other electronic media ("Production Media").  Each piece of Production Media shall identify a production number corresponding to the production volume (e.g., "VOL001," "VOL002"), as well as the volume of the material in that production (e.g. "-001," "-002").  As reasonable, each piece of Production Media shall also identify: (1) the producing party's name; (2) the production date; and (3) the Bates Number range of the materials contained on the Production Media.