UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-06312-RGK-MAR | Date | February 13, 2025 |
| Title | ***Judy Griffin et al v. City of Los Angeles*** | | |

| | |
|---|---|
| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE |

| | | |
|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| | |
|---|---|
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| Not Present | Not Present |

**Proceedings: (IN CHAMBERS) Order Re: Joint Motion to Certify Class [DE 51]**

## I. INTRODUCTION

On July 26, 2024, Judy Griffin, Olivia Almalel, Communities Actively Living Independent and Free ("CALIF"), and R.S., by and through her guardian ad litem, Matthew Struski ("Plaintiffs") filed a putative class action Complaint for declaratory and injunctive relief against the City of Los Angeles ("Defendant"). (ECF No. 1.) Plaintiffs assert three claims against Defendant: (1) violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12131, *et seq.* ("ADA"); (2) violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Section 504"); and (3) violation of California Government Code § 11135, *et seq.* ("Section 11135"). (*Id.*)

Presently before the Court is the parties' Joint Motion for Class Certification. (ECF No. 51.) For the following reasons, the Court **GRANTS** the Motion.

## II. FACTUAL BACKGROUND

Plaintiffs allege the following in their Complaint:

There are 559 park sites or facilities throughout the City of Los Angeles. These parks provide Los Angeles residents with opportunities to interact with nature, gather with their communities, and supplement their physical and mental well-being. These parks have been newly constructed or renovated with architectural barriers that prevent people with mobility disabilities from accessing the parks and park facilities. Specifically, architectural barriers at the parks prevent Plaintiffs (and in the case of CALIF, its members) from traveling on the paths into and within the parks, accessing and using the restrooms throughout the parks, entering the recreation centers, and utilizing other park facilities such as water fountains, benches, and picnic tables.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-06312-RGK-MAR | Date | February 13, 2025 |
| Title | ***Judy Griffin et al v. City of Los Angeles*** | | |

## III. <u>JUDICIAL STANDARD</u>

As a threshold to class certification, the proposed class must satisfy four prerequisites under Federal Rule of Civil Procedure ("Rule") 23(a). First, the class must be so numerous that joinder of all members individually is impracticable. Fed. R. Civ. P. 23(a)(1). Second, there must be questions of law or fact common to the class. Fed. R. Civ. P. 23(a)(2). Third, the claims or defenses of the class representative must be typical of the claims or defenses of the class as a whole. Fed. R. Civ. P. 23(a)(3). Finally, the proposed class representatives and proposed class counsel must be able to fairly and adequately protect the interests of all members of the class. Fed. R. Civ. P. 23(a)(4).

If all four prerequisites of Rule 23(a) are satisfied, a court must then determine whether to certify the class under one of the three subsections of Rule 23(b). Under Rule 23(b), the proposed class must establish that: (1) there is a risk of substantial prejudice from separate actions; (2) declaratory or injunctive relief benefitting the class as a whole would be appropriate; or (3) common questions of law or fact predominate such that a class action is superior to other methods available for adjudicating the controversy at issue. Fed. R. Civ. P. 23(b).

In analyzing whether the proposed class meets the requirements for certification, a court must take the substantive allegations of the complaint as true and may consider extrinsic evidence submitted by the parties. *See Blackie v. Barrack*, 524 F.2d 891, 901 (9th Cir. 1975).

## IV. <u>DISCUSSION</u>

Plaintiffs seek to certify a Rule 23(b)(2) class of "all persons with mobility disabilities, including those who use wheelchairs, scooters, canes or other mobility aids, who use or desire to use the City of Los Angeles' public parks and park facilities." (Mot. at 7.) The class seeks injunctive and declaratory relief under the ADA, Section 504, and Section 11135. To be certified as a class, Plaintiffs must satisfy the prerequisites of Rule 23(a) and establish the type of class action under Rule 23(b). *DZ Reserve. v. Meta Platforms, Inc.*, 96 F.4th 1223, 1232 (9th Cir. 2024).

### A. <u>Rule 23(a)</u>

A party seeking class certification must establish that the numerosity, commonality, typicality, and adequacy requirements of Rule 23(a) have been met. The Court addresses each requirement in turn.

#### 1. <u>*Numerosity*</u>

Rule 23(a)(1) requires that a class be so numerous that joinder of all members is impracticable. Fed. R. Civ. P. 23(a)(1). "[I]mpracticability does not mean impossibility, but only the difficulty or

inconvenience of joining all members of the class." *Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d 909, 913–14 (9th Cir. 1964) (internal quotations omitted). The plaintiff need not state the exact number of potential class members, and there is no threshold number of class members required to satisfy numerosity. *Bates v. United Parcel Serv.*, 204 F.R.D. 440, 444 (N.D. Cal. 2001). However, it is "generally accepted that when a proposed class has at least forty members, joinder is presumptively impracticable based on numbers alone." *In re Banc of Cal. Sec. Litig.*, 326 F.R.D. 640, 646 (C.D. Cal. 2018).

Here, published census data and mobility statistics report that as of 2023 an estimated 223,000 non-institutionalized Los Angeles residents—around 6% of the City's population—have an "ambulatory difficulty." (Mot. at 9.) The City of Los Angeles has 559 park sites that span across the city which include hundreds of athletic fields, 411 playgrounds, 319 tennis courts, 123 recreation centers, over 130 outdoor fitness areas, 29 senior centers, and two beaches. It is reasonable to assume that the number of people who suffer from mobility disabilities and have encountered the alleged architectural barriers in Los Angeles parks exceeds the generally accepted forty-member standard. Accordingly, numerosity is satisfied.

2. <u>*Commonality*</u>

Rule 23(a)(2) requires that there be "questions of law or fact common to the class." Plaintiffs' claims "must depend upon a common contention . . . [and] [t]hat common contention, moreover, must be of such a nature that it is capable of class-wide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). In the Ninth Circuit, the commonality requirement is "construed permissively." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998), *overruled on other grounds by Dukes*, 564 U.S 338 (2011). Not all questions of fact or law need be common to the class; the existence of shared legal issues with divergent facts or a common core of salient facts coupled with disparate legal remedies is sufficient to satisfy commonality. *Id.* at 1019. In short, the requirements for finding commonality are minimal. *Id.* at 1020.

Here, there are several common questions of law, including whether Defendant violated and continues to violate Title II of the ADA, Section 504, and Section 11134(a). Additionally, though Plaintiffs' claims will vary in terms of each individual class member's experience, all claims will be based on a series of common questions of fact about the characteristics of Defendant's parks and park facilities. For example, Plaintiffs' discrimination claims necessarily require determining when a park was constructed or altered to determine what standards apply to it. These common questions are capable of generating answers that apply to the class as a whole. Accordingly, commonality is satisfied.

3. *Typicality*

Rule 23(a)(3) requires that the claims or defenses of the class representatives be typical of the claims or defenses of the class they seek to represent. This does not require that the claims of the representative parties be identical to the claims of the proposed class members. *Hanlon*, 150 F.3d at 1020. Rather, typicality focuses on whether the unnamed class members have injuries similar to those of the named plaintiffs, and whether those injuries result from the same injurious course of conduct. *Armstrong v. Davis*, 275 F.3d 849, 869 (9th Cir. 2001), *abrogated on other grounds by Johnson v. California*, 543 U.S. 499 (2005).

Here, Plaintiffs are individuals with mobility disabilities who allege they are unable to use Defendant's parks due to various barriers. Their injuries are identical to those of the class they seek to represent, and those injuries are caused by the same alleged course of conduct on part of the Defendant. Typicality is met.

4. *Adequacy of Representation*

Rule 23(a)(4) requires the Court to determine if the proposed class representatives and proposed class counsel will fairly and adequately protect the interests of the entire class. Fed. R. Civ. P. 23(a)(4). The adequacy requirement is satisfied if the named plaintiffs and their counsel will prosecute the action vigorously on behalf of the class, and do not have interests adverse to unnamed class members. *Hanlon*, 150 F.3d at 1020.

Here, there is no indication that Plaintiffs will not fairly and adequately represent the interests of the proposed class. The same is true for Plaintiffs' counsel, who have decades of experience prosecuting claims against government entities under Title II of the ADA and Section 504. As such, the Court finds that the proposed class representatives and proposed class counsel will fairly and adequately protect the interests of the class. Adequacy of representation is met.

In summary, Plaintiffs have sufficiently established the numerosity, commonality, typicality, and adequacy requirements under Rule 23(a).

**B. Rule 23(b)**

Having found that Plaintiffs satisfied the requirements of Rule 23(a), the Court must determine whether Plaintiffs sufficiently establish the type of class action under Rule 23(b). Plaintiffs assert that the proposed class fits under Rule 23(b)(2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-06312-RGK-MAR | Date | February 13, 2025 |
| Title | ***Judy Griffin et al v. City of Los Angeles*** | | |

A class is proper under Rule 23(b)(2) if "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." "The key to the (b)(2) class is the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them." *Wal-Mart Stores, Inc.*, 564 U.S. at 360 (cleaned up). Rule 23(b)(2) "does not authorize class certification when each individual class member would be entitled to a different injunction or declaratory judgment against the defendant." *Id.* at 360–61.

Here, Plaintiffs' claims are precisely the type of claims that Rule 23(b)(2) was intended to cover. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614 (1997) ("Civil rights cases against parties charged with unlawful, class-based discrimination are prime examples" of actions permitted by Rule 23(b)(2)).

Accordingly, the Court finds that Plaintiffs' proposed class is appropriate under Rule 23(b)(2).

## V. <u>CONCLUSION</u>

For the foregoing reasons, the Court **GRANTS** the parties' Joint Motion for Class Certification. The Court **ORDERS** the following:

(1) Certification of a Rule 23(b)(2) class, defined as: "all persons with mobility disabilities, including those who use wheelchairs, scooters, canes or other mobility aids, who use or desire to use the City of Los Angeles' public parks and park facilities";

(2) Named Plaintiffs Judy Griffin, Olivia Almalel, R.S., and CALIF are appointed as Class Representatives;

(3) Disability Rights Advocates, Goldstein, Borgen, Dardarian & Ho, Law Offices of Paula Pearlman, and Schneider Wallace Cottrell Konecky LLP are appointed as Class Counsel;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-06312-RGK-MAR | Date | February 13, 2025 |
| Title | ***Judy Griffin et al v. City of Los Angeles*** | | |

(4) Parties must meet and confer regarding the class notice and collective notice and submit final agreed upon notices to the court within fourteen (14) calendar days from the date of this Order.

**IT IS SO ORDERED.**

:

Initials of Preparer JRE/sf