UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  **2:24-cv-06312-RGK-MAR**                          Date:  May 9, 2025

Title:   _Judy Griffin et al v. City of Los Angeles_

Present: The Honorable:  MARGO A. ROCCONI, UNITED STATES MAGISTRATE JUDGE

| Valerie Velasco | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**      **(In Chambers) ORDER RE: MOTION TO COMPEL, DKT. 86**

# I.
# BACKGROUND

The Court described the background of this action in a previous order:

> This is a class action lawsuit brought by Judy Griffin, Olivia Almalel, R.S., Matthew Struski, and Communities Actively Living Independent and Free ("Plaintiffs") against the City of Los Angeles ("Defendant" or "the City") challenging the accessibility of newly constructed and renovated public park facilities.  See ECF Docket No. ("Dkt. 1").  Specifically, Plaintiffs argue that the City has failed to comply with federal and state disability access design standards in violation of Title II of the Americans with Disabilities Act ("ADA"), Section 504 of the Rehabilitation Act of 1973 ("Section 504"), and California Government Code Section 11135 ("Section 11135").  Id.

Dkt. 72 at 1.

Plaintiffs filed a previous motion to compel, which the Court granted in part and denied in part.  See Dkt. 72.

On October 23, 2024, Plaintiffs served Plaintiff Judy Griffin's Request for Production of Documents, Set One.  Declaration of Ginger L. Grimes in Support of Amended Joint Stipulation ("Grimes Decl."), Dkt. 86-2, ¶ 4.  The City served objections on November 24, 2024.  Id.  Plaintiffs served Plaintiff Judy Griffin's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  **2:24-cv-06312-RGK-MAR**                              Date:  May 9, 2025

Title:    _Judy Griffin et al v. City of Los Angeles_

Request for Production of Documents, Set Two, and Special Interrogatories, Set One,
on December 24, 2024.  Id. ¶ 5.  The City served objections to both sets of written
discovery on February 6, 2024.  Id.

    The parties began meeting and conferring on November 25, 2024, and
continued to meet into the new year to confer on these discovery requests, at some
point on a near-weekly basis.  Id. ¶¶ 7–11, Exs. B–D.  However, the parties were
unable to resolve all of their disputes, and therefore on March 26, 2025, Plaintiffs filed
a joint stipulation pursuant to Local Rule 37-2.2.  Dkt. 83.  The parties each filed
supplements, which indicated that the parties were continuing to meet and confer in
an attempt to resolve further disputes.  Dkts. 84–85.  On April 7, 2025, Plaintiffs filed
an amended joint stipulation that reflected the current state of disputes.  Dkt. 86.

    On April 15, the Court postponed the hearing to April 30 and admonished the
parties to continue to meet and confer.  Dkts. 87–88.  On April 28, the Court took
the motion under submission but instructed the parties to update the Court if any of
the disputes had been resolved.  Dkt. 95.  On April 29, 2025, Plaintiffs' counsel filed a
declaration describing the efforts of the parties to resolve the remaining disputes and
clarifying which disputes that were still live.  Declaration of Mark T. Johnson Re:
Efforts to Resolve Discovery Disputes ("Johnson Decl."), Dkt. 97.

    The Court finds these matters suitable for resolution without oral
argument.  See Fed. R. Civ. P. 78(b); Local Rule 7-15.  For the reasons discussed
below, the motion to compel is **GRANTED in part** and **DENIED in part**.
///
///
///
///
///

**II.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  **2:24-cv-06312-RGK-MAR**                          Date:  May 9, 2025

Title:    *Judy Griffin et al v. City of Los Angeles*

## GENERAL STANDARD

Generally, under the Federal Rules of Civil Procedure,

> Parties may obtain discovery regarding any nonprivileged matter that is
> relevant to any party's claim or defense and proportional to the needs of
> the case, considering the importance of the issues at stake in the action,
> the amount in controversy, the parties' relative access to relevant
> information, the parties' resources, the importance of the discovery in
> resolving the issues, and whether the burden or expense of the proposed
> discovery outweighs its likely benefit.  Information within this scope of
> discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).  Relevancy is broadly defined to encompass any matter that
bears on, or that reasonably could lead to other matters that could bear on, any issue
that is or may be in the case.  Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351
(1978).  However, a court "must limit the frequency or extent of discovery otherwise
allowed" if "(i) the discovery sought is unreasonably cumulative or duplicative, or can
be obtained from some other source that is more convenient, less burdensome, or less
expensive; (ii) the party seeking discovery has had ample opportunity to obtain the
information by discovery in the action; or (iii) the proposed discovery is outside the
scope permitted by Rule 26(b)(1)."  Fed. R. Civ. P. 26(b)(2)(C).

Federal Rule of Civil Procedure 33 governs interrogatories to parties.  See Fed.
R. Civ. P. 33.  "The responding party must serve its answers and any objections
within 30 days after being served with the interrogatories."  Fed. R. Civ. P. 33(b)(2).
"Each interrogatory must, to the extent it is not objected to, be answered separately
and fully in writing under oath."  Fed. R. Civ. P. 33(b)(3).  "The grounds for objecting
to an interrogatory must be stated with specificity. Any ground not stated in a timely
objection is waived unless the court, for good cause, excuses the failure."  Fed. R. Civ.
P. 33(b)(4).

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.  **2:24-cv-06312-RGK-MAR**                    Date:  May 9, 2025

Title:    _Judy Griffin et al v. City of Los Angeles_

"A party seeking discovery may move for an order compelling an answer, ... production, or inspection."  Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv).  "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond."  Fed. R. Civ. P. 37(a)(4).  "In moving to compel the production of documents, the moving party bears the burden of demonstrating 'actual and substantial prejudice' from the denial of discovery."  Grossman v. Dirs. Guild of Am., Inc., No. EDCV 16-1840-GW (SPx), 2018 WL 5914242, at *4 (C.D. Cal. Aug. 22, 2018) (citing Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002)).  In other words, the moving party bears the burden of demonstrating the sought discovery is relevant.  Cabrales v. Aerotek, Inc., No. EDCV 17-1531-JGB-KKX, 2018 WL 2121829, at *3 (C.D. Cal. May 8, 2018).  In addition, "[r]elevancy alone is no longer sufficient to obtain discovery, the discovery requested must also be proportional to the needs of the case."  Centeno v. City of Fresno, No. 1:16-CV-653 DAD (SAB), 2016 WL 7491634, at *4 (E.D. Cal. Dec. 29, 2016) (citing In re Bard IVC Filters Prod. Liab. Litig., 317 F.R.D. 562, 564 (D. Ariz. 2016)).

However, ultimately, "[i]t has long been settled in this circuit that the party resisting discovery bears the burden of showing why discovery should not be allowed."  United States ex rel. Poehling v. UnitedHealth Grp., Inc., No. CV 16-8697 MWF (SSX), 2018 WL 8459926, at *9 (C.D. Cal. Dec. 14, 2018) (citing Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975) ("The party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections.")).

///
///
///
///
///

### III.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  **2:24-cv-06312-RGK-MAR**                          Date:  May 9, 2025

Title:    _Judy Griffin et al v. City of Los Angeles_

## DISCUSSION

**A.      RFP Nos. 8 & 11, Set One**

**1.      RFPs**

**RFP No. 8**:

Produce all DOCUMENTS that include, identify or describe the
specifications, design plans, or drawings that DEFENDANT uses or has
used for all PARK FACILITIES, including any DOCUMENTS
identifying the applicable standards used for NEW CONSTRUCTION
or ALTERATION of PARK FACILITIES.

**Response to RFP No. 8**

The City objects to this request on the grounds that it is overbroad in that
it requests potentially millions of documents spanning 32 years based
upon the definition of "DOCUMENT" and the expansive time included
in the request. Accordingly, no such documents will be produced without
meet and confer and significant reduction of scope.

**RFP No. 11**:

Produce all data compilations, databases, summaries, spreadsheets, maps
and other DOCUMENTS that identify or describe any projects or
programs undertaken by DEFENDANT involving NEW
CONSTRUCTION or ALTERATION of PARK FACILITIES.

**Response to RFP No. 11:**

The City objects to this request on the grounds that it is overbroad in the
use of the phrase "identify or describe" and overbroad as to the 32 year
time period. The request is also overbroad in that it is not limited to
mobility disabilities which is the only discoverable matter. Accordingly,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  **2:24-cv-06312-RGK-MAR**                    Date:  May 9, 2025

Title:      _Judy Griffin et al v. City of Los Angeles_

responding party is willing to meet and confer to narrow the scope of the
request to the issues in the case and proportionate to the discovery needs
of the case.

Dkt. 86-1 at 19–20.

## 2.    Analysis

As an initial matter, throughout the joint stipulation, Defendant takes issue
with the temporal scope of Plaintiff's requests, which seek information dating back to
January 26, 1992, the effective date of the ADA, up until the present.  As noted
above, the instant class action lawsuit involves allegations that Defendant the policies
and practices of Defendant have resulted in a systematic denial of appropriate access
to park and recreation facilities under the ADA.  Given these allegations, documents
relating to the design of facilities that were built or renovated after the effective date
of the ADA would all seem facially relevant.  Defendant cites no authority and makes
no argument for why such documents would not be relevant.  Meanwhile, Plaintiff
has cited at least one case where the court defined the relevant time period for
discovery similarly.  See Californians for Disability Rts. v. California Dep't of Transp.,
No. C 06-5125SBA(MEJ), 2008 WL 5273345, at *2 (N.D. Cal. Dec. 16, 2008)
(defining temporal scope of discovery requests in class action suit under the ADA
alleging systematic pattern and practice of disability discrimination to be "co-extensive
with the period during which Caltrans constructed new or altered existing facilities
after January 26, 1992").  The Court finds that, to the extent that Defendant objects
that documents dating to 1992 are not relevant, they have failed to sustain their
burden to substantiate their objections.

To be sure, Defendant argues that, by seeking documents dating back to 1992,
Plaintiffs' requests have and will result in the production of "potentially millions" of
documents.  This argument could be construed as a proportionality objection
However, Plaintiffs' requests are not rendered disproportional merely because they are
large in number or could require a large volume of responsive documents.  See SGII,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  **2:24-cv-06312-RGK-MAR**                                      Date:  May 9, 2025

Title:    _Judy Griffin et al v. City of Los Angeles_

Inc. v. Martin, No. 819CV00541JVSKESX, 2021 WL 1593246 (C.D. Cal. Mar. 3,
2021) (finding party resisting discovery had failed to demonstrate a burden imposed
by the production of directly relevant materials where the party cited only the volume
of documents to show burden).  Rather, Fed. R. of Civ. P. 26(b)(1) instructs that the
proportionality analysis should include consideration of "the importance of the issues
at stake in the action, the amount in controversy, the parties' relative access to
relevant information, the parties' resources, the importance of the discovery in
resolving the issues, and whether the burden or expense of the proposed discovery
outweighs its likely benefit."  Fed. R. of Civ. P. 26(b)(1).  Defendant does not
substantively address any of these factors, nor do they address Plaintiff's arguments
regarding the discovery's relevance.  In fact, Defendant did not even originally object
to the requests on the grounds of proportionality or undue burden.  Given that
Defendant only cited the volume of documents, the Court cannot find that the
requested discovery is disproportionate merely because they request documents dating
back to 1992.

Defendant also appears to argue that some of the terms that Plaintiffs use in
their requests are vague and invite disproportionate responses.  "The party objecting
to discovery as vague or ambiguous has the burden to show such vagueness or
ambiguity."  Bryant v. Armstrong, 285 F.R.D. 596, 606 (S.D. Cal. 2012)
(quoting Swackhammer v. Sprint Corp., 225 F.R.D. 658, 662 (D. Kan. 2004)).  Here,
Defendant does not explain how commonly used terms like "document" or "identify
and describe" are vague, particularly in light of their duty to apply "common sense
and attribute ordinary definitions."  Bryant, 285 F.R.D. at 606.

Finally, Defendant notes that they have been and continue to be in the process
of producing responsive documents and argues that the process has been prolonged
by Plaintiffs' inability or refusal to narrow their requests or specify what they are
looking for.  Again, Plaintiffs' exhibits to the various declarations supporting this
motion undercut Defendant's arguments by demonstrating that the parties have
narrowed several of the requests through meeting and conferring.  Ultimately, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  **2:24-cv-06312-RGK-MAR**                    Date:  May 9, 2025

Title:    _Judy Griffin et al v. City of Los Angeles_

Court: (1) finds that the most recent state of the parties' compromises on these requests describes relevant and proportional information; (2) **GRANTS** Plaintiffs' motion with respect to RFP Nos. 8 and 11, Set One; and (3) **ORDERS** Defendant to produce the following:

(1) For RFP No. 8, all final, "ready to issue" plans and as-built plans since 1992 for all parks (in the possession of the City's Bureau of Engineering and Rec. and Parks Departments) and park project plan documents stamped by the Los Angeles Department of Building and Safety's Disabled Access Section since 1992, for at least the subset of 80 parks identified by Plaintiffs; and

(2) For RFP No. 11, any remaining documents identifying or describing new construction or alteration projects for park facilities or confirmation that all such documents located after a reasonably diligent search have been produced.[1]

**B.    RFP No. 9 & 22, Set One**

**1.    RFPs**

**RFP No. 9:**

Produce all databases, logs, reports, or other DOCUMENTS containing information about complaints, requests, or inquiries received by DEFENDANT RELATING TO DISABILITY ACCESS of PARK FACILITIES (whether through DEFENDANT'S 3-1-1 program, ADA

---

1 The Court finds unpersuasive Defendant's argument that this request would be so overbroad as to include documents like "post it notes 33 years old to the present." Dkt. 86-1 at 37. This would not be a common sense, reasonable interpretation of the term "documents identifying or describing new construction or alteration projects." It appears clear that Plaintiff is primarily interested in City records relating to the planning and construction of park projects dating back to the effective date of the ADA. Which documents fall into this category of records should be relatively intuitive, and should not require Defendant to scour thirty-year-old post it notes. In any case, Defendant is only required to produce documents it found after a reasonably diligent search.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  **2:24-cv-06312-RGK-MAR**                    Date:  May 9, 2025

Title:      *Judy Griffin et al v. City of Los Angeles*

complaint process, grievances, or other method of submitting complaints
or requests), including any actions DEFENDANT has taken in response
to such complaints, requests, or inquiries.

**Response to RFP No. 9:**

The City objects to this request on the grounds that it is overbroad in that
it requests a search of thousands of documents spanning 32 years based
upon the definition of "DOCUMENT" and is in no way limited to
mobility disabilities which is the only discoverable matter. Accordingly, no
such documents will be produced without meet and confer and significant
reduction of scope.

**RFP No. 22**:

Produce all surveys DEFENDANT has performed to identify barriers to
DISABILITY ACCESS at PARK FACILITIES, including any and all
steps DEFENDANT has taken to remedy or remove any identified
barriers.

**Response to RFP No. 22:**

The City objects to this request on the grounds that it is overbroad in the
use of the phrase "identify or describe" and overbroad as to the 32 year
time period. The request is also overbroad in that it is not limited to
mobility disabilities which is the only discoverable matter.

Without waiving said objections and subject thereto, responding party will
produce only those surveys accessing mobility disabilities and as to steps
taken to remedy any such mobility disability related issues for the last 3
years.

Dkt. 86-1 at 19–20.
///
///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  **2:24-cv-06312-RGK-MAR**                          Date:  May 9, 2025

Title:     _Judy Griffin et al v. City of Los Angeles_

    2.      **Arguments and applicable law**

        Here, the primary dispute appears to be related to the format in which
Defendant produced the information, in conjunction with an arguably willful
misunderstanding of certain key terms from both parties.  With respect to RFP No. 9,
it appears undisputed that the City's Department of Disability maintains a "database"
containing the information Plaintiffs seek in the form of some proprietary program.
See Dkt. 86-1 at 38–40; Grimes Decl. ¶¶ 37–46.  In an attempt to produce the
"database," Defendant has produced spreadsheets containing data exported from the
program.  Id.  However, the spreadsheets do not contain reports based on data, but
rather tables of the raw data itself, with no explanation of the relationship between the
tables of data.  Id.  Defendant argues that they have they fulfilled their obligation by
producing "exactly what [Plaintiff] requested" in the form of the native data.  Id.
Defendant contends that Plaintiffs are at fault for failing "to take a deposition to
interpret the data, to find out what reports may be generated, or ask for specific
reports."  Id.

        Similarly, with respect to RFP No. 22, the City initially produced forty-two
"Certified Accesss Specialists" reports relating to certain park facilities.  Dkt. 86-1 at
35–36.  Defendant admitted it had more reports related to other parks in a system
known as "BlueDag" and produced the data from "BlueDag", which identifies 266
additional parks as having conditions that failed to comply with certain disability
access standards.  Id.  However, this data was not in the same format as the initial
forty-two reports; notably, the data did not include photographs of the supposedly
violative conditions.  Id.  Plaintiff requested that Defendant either provide the
information in the same format as the original forty-two reports or provide "read-
only" access to the BlueDag database so that Plaintiffs could generate the reports
themselves.  Johnson Decl. ¶ 4.

        Pursuant to Rule 34(b)(2)(E)(ii), "a party must produce [electronically stored
information] in a form or forms in which it is ordinarily maintained or in a reasonably

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  **2:24-cv-06312-RGK-MAR**                                Date:  May 9, 2025

Title:    _Judy Griffin et al v. City of Los Angeles_

usable form or forms." Id.  The advisory committee's comments to the 2006 amendment further clarify the obligations of a responding party:

> The rule does not require a party to produce electronically stored information in the form it which it is ordinarily maintained, as long as it is produced in a reasonably usable form. But the option to produce in a reasonably usable form does not mean that a responding party is free to convert electronically stored information from the form in which it is ordinarily maintained to a different form that makes it more difficult or burdensome for the requesting party to use the information efficiently in the litigation.  If the responding party ordinarily maintains the information it is producing in a way that makes it searchable by electronic means, the information should not be produced in a form that removes or significantly degrades this feature.

Fed. R. Civ. P. 34 advisory committee's note (2006) (emphasis added).  Courts have interpreted this note to require data in a form that gives plaintiffs the ability "to search, sort, and filter the information." Thomas-Byass v. Michael Kors Stores (California), Inc., No. EDCV1500369JGBKKX, 2015 WL 4397884, at *3 (C.D. Cal. July 17, 2015) (finding excel spreadsheet format was a "reasonably usable form" for information regarding payroll records and time/hours worked records sought in wage and hour dispute); Solarcity Corp. v. Doria, No. 16cv3085-JAH (RBB), 2018 WL 467898, at *5 (S.D. Cal. Jan. 18, 2018) (citing Anderson Living Trust v. WPX Energy Prod., LLC, 298 F.R.D. 514, 527 (D.N.M. 2014) and 7 James Wm. Moore et al., Moore's Federal Practice § 34.14[3], at 34-92.1) (explaining that the drafters of Rule 34(b)(2)(E) expected that parties producing electronically stored information would provide it in a form that permitted "text searching technologies, like filtering, grouping, and ordering" so that the requesting parties could organize it themselves).

Here, even though Plaintiff did not specify the format for the data they were requesting, Defendant has a responsibility under Rule 34(b)(2)(E) to provide the data in the form it is normally maintained or in some other reasonably usable form.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  **2:24-cv-06312-RGK-MAR**                          Date:  May 9, 2025

Title:      *Judy Griffin et al v. City of Los Angeles*

### 3.    Analysis

####       a.    RFP No. 9

With respect to RFP No. 9, the Court finds that Defendant failed to provide the data in a reasonably usable form.  Indeed, it appears that Defendant openly acknowledges that at least some of the data is not usable in its current form.  Dkt. 86-1 at 40 ("[Plaintiffs] simply repeat over and over that they want the database without understanding that the data alone is meaningless. This is not Defendants fault or job to fix.").  Furthermore, contrary to Defendant's representations, Plaintiff's counsel provides evidence that they have specified the categories of information that they seek from the database and have expressed a willingness to accept a report in lieu of the data itself.  Johnson Decl. ¶ 5, Ex. C.  Plaintiffs indicate that Defendant's counsel has also previously expressed willingness to produce such a report.  Id.  Accordingly, the Court will order Defendant to produce the data in the form of a usable report.

Plaintiffs also have produced some evidence supporting their belief that the data is incomplete; for example, Plaintiff notes that the data responsive to RFP No. 9 does not include inquiries or complaints directed to other city agencies such as through Recreation and Parks or the Recreation and Parks Commission Board, which they have reason to believe exist.  See Dkt. 86-1, Grimes Decl. ¶ 42.  Generally, when a party avers that no further responsive documents exist, absent any evidence to the contrary, courts presume the parties are answering honestly, lest courts become mired in disputes over search adequacy.  See Khan v. Boohoo.com USA, Inc., No. CV 20-03332-GW (JEMx), 2021 WL 3882970, at *1 (C.D. Cal. July 19, 2021) ("Defendants fail to present any declaration setting forth facts that Plaintiffs' search was inadequate.  Defendants state, 'It appeared that counsel for Plaintiffs may have asked their client whether responsive documents exist.' . . . . This is pure speculation.  Every document production would be mired in disputes over search adequacy if it were sufficient that a propounding party merely believed without any factual or evidentiary showing that documents have been withheld.").  However, where the seeking party

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  **2:24-cv-06312-RGK-MAR**                          Date:  May 9, 2025

Title:       _Judy Griffin et al v. City of Los Angeles_

presents convincing evidence that responsive documents do exist, courts find that the defending party is not relieved of their discovery obligations.  See Strategic Partners, Inc. v. FIGS, Inc., No. CV 19-2286-GW (KSx), 2021 WL 4813646, at *11 (C.D. Cal. Aug. 12, 2021) ("Although the Court generally presumes the accuracy of a party's representation that its document production is complete, here, SPI has presented convincing 'contrary evidence' that additional documents likely exist such that FIGS is not yet relieved of its discovery obligations as to its HAI claim.").

        Here, Defendant has not explicitly stated that no further responsive documents exist as to RFP Nos. 9, other than the data they have produced.  Furthermore, the Court notes that Plaintiff has at least raised some evidence that more relevant complaints may exist, which Defendant has not attempted to contradict.  Accordingly, the Court will order Defendant to produce any further responsive documents.  However, if Defendant does maintain that no further responsive documents exist, the Court will ultimately be unable to compel a different response.  Thus, to the extent that Defendant maintains that they have no further responsive documents under their control, they may satisfy their obligations with respect to this order by certifying that no further responsive documents exist, explaining their search methodology, and providing a brief explanation rebutting Plaintiffs' showing regarding why such documents are likely to exist.  In this case, if Plaintiffs maintains that Defendant is still withholding documents, further motions to compel are unlikely to be unsuccessful; Plaintiffs' remedy will be to seek sanctions for spoliation and/or impeach Defendant at trial.

///
///
///

        **b.      RFP No. 22**

        With respect to RFP No. 22, however, the Court finds that Defendant has produced the data in a reasonably usable form.  Defendant demonstrates that they

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  **2:24-cv-06312-RGK-MAR**                               Date:  May 9, 2025

Title:   _Judy Griffin et al v. City of Los Angeles_

have worked with the vendor to determine how to export the data from the BlueDag software in a usable format.  Pappy Decl. ¶¶ 16.   As a result, Defendant exported spreadsheets that include "a vast amount of data from 300+ surveys conducted by contractors for the City over the last three years including park name, address, geographic coordinate location, identification of every amenity, accessibility assessment data and recommendations for every feature requiring accessibility compliance as determined by the California Building Code and the ADA, the name of the surveyor, the date of the survey, and a report numbers cross-referenced with a list of parks assessed."  Dkt. 86-1.  Plaintiffs do not contest Defendant's characterization of the data but merely complain that it is not in the same format as the original forty-two reports and does not contain pictures.  However, Plaintiff does not explain how the lack of pictures prejudices them, nor do they identify anything else about the complaints that they are unable to understand from the spreadsheets of BlueDag data.  Plaintiffs note that they have expressed the data is "unworkable as an exhibit either in deposition or at trial," but this is not the standard for providing ESI under 34(b)(2)(E)(ii).  As noted above, parties simply must provide data in a reasonably usable form that is readable, searchable, and sortable.  Plaintiffs do not allege that the BlueDag data fails to meet this standard.

To be sure, the Court notes that the parties have not provided any portion of the data with their joint stipulation, so it can only make the determination relying on the parties' respective descriptions of the data.  Ultimately, Plaintiffs do not contest Defendant's detailed characterization of the data, which indicates that Plaintiff can clearly view the information they seek about the complaints and link the complaints to specific parks and park features.  The Court finds that this renders the data reasonably usable.

To conclude, Plaintiffs' motion is **GRANTED** with respect to RFP No. 9 as described above, but **DENIED** with respect to RFP No. 22.  Of course, to the extent problems arise interpreting the data at issue here, this order should not prevent the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  **2:24-cv-06312-RGK-MAR**                          Date:  May 9, 2025

Title:    _Judy Griffin et al v. City of Los Angeles_

parties from continuing to meet and confer in good faith and working together to produce all relevant data in a reasonably usable form.

## C.    RFP Nos. 2 & 3, Set Two

### 1.    RFPs

**RFP No. 2:**

Produce all DOCUMENTS RELATING TO any and all actions taken by DEFENDANT to maintain in operable working condition the features of PARK FACILITIES that are required to be readily accessible to and usable by persons with mobility disabilities pursuant to 28 C.F.R. § 35.133.

**Response to RFP No. 2:**

Objection. This request is not reasonably particularized to the way in which documents are kept. (FRCP 34(b)(1)(A).) The request improperly seeks a legal conclusion by way of a document production. The request seeks documents which are subject to the attorney-client privilege and attorney work product doctrine.

**Amended Response to RFP No. 2:**

Objection. This request is not reasonably particularized to the way in which documents are kept. (FRCP 34(b)(1)(A).) The request improperly seeks a legal conclusion by way of a document production. The request seeks documents which are subject to the attorney-client privilege and attorney work product doctrine. In addition, the request is vague and ambiguous as to the meaning of "features" in the request and in the context of the issues in the case. "Features" could include grass and landscape matters which are both "features". Presumably these are not the types of features Plaintiffs are inquiring about and responding party cannot and will not guess at how Plaintiffs define "features" as it relates to the limited issues in the case, to wit, "mobility disabilities". Responding

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  **2:24-cv-06312-RGK-MAR**                    Date:  May 9, 2025

Title:     *Judy Griffin et al v. City of Los Angeles*

party will produce responsive documents upon receipt of a list of what "features" are at issue and upon determination that the "features" are in fact an appropriate matter for discovery.

Without waiving said objections, subject thereto and subject to the agreement of the parties in meet and confer that the request would be rephrased to request "DOCUMENTS sufficient to demonstrate actions taken . . .", responding party will produce all responsive electronically stored documents. In addition, without waiving said objections and subject thereto, and subject to Plaintiffs' definition of "features" provided through meet and confer to be limited to those items required in compliance with 2010 ADAS, ADAGE and/or the CBC that relate to mobility disabilities only, responding will produce any such electronically stored documents.

**RFP No. 3:**

Produce all DOCUMENTS RELATING TO any and all actions taken by DEFENDANT to remediate PARK FACILITIES that were newly CONSTRUCTED or ALTERED prior to March 15, 2012 that do not comply with the 1991 ADA Standards for Accessible Design (ADAAG) or the Uniform Federal Accessibility Standards (UFAS), as required by 28 C.F.R. § 35.151(c)(5).

**Response to RFP No. 3:**

Objection. Vague and ambiguous as to the meaning of "features" in the request and in the context of the issues in the case. "Features" could include grass and landscape matters which are both "features". Presumably these are not features Plaintiffs are inquiring about and responding party cannot and will not guess at how Plaintiffs define "features" as it relates to the limited issues in the case, to wit, "mobility disabilities". Responding party will produce responsive documents upon receipt of a list of what "features" are at issue and upon determination that the "features" are in fact an appropriate matter for discovery.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  **2:24-cv-06312-RGK-MAR**                    Date:  May 9, 2025

Title:      *Judy Griffin et al v. City of Los Angeles*

**Amended Response to RFP No. 3:**

> Responding party is unable to provide any such documents as the City does not maintain a list of which of its 550 park facilities were constructed prior to 2012 and of those, which do not presently comply with the ADA as to mobility disabilities. The request also seeks documents that have already been requested in Request for Production of Documents, Set One, No. 6, which includes the "Blue Dag" data held by the Department of Disability regarding the updating of the City's Transition Plan, and which is being produced in response to Request for Production of Documents, Set One, No. 6. To the extent those documents identify mobility disability barriers, they would be partially responsive to this request and will not be reproduced.

Dkt. 86-1 at 24–26.

**2.    Analysis**

Here, there was apparently an error in Defendant's original responses, which they have since corrected.  Dkt. 86-1 at 40–41.  Defendant represents that they intend to produce documents responsive to RFP No. 2, and already have produced all responsive documents to RFP No. 3.  Id.  Defendant states that, to the extent Plaintiffs seek further responsive documents to RFP No. 3, they do not exist.  Id.  Unlike with respect to RFP No. 9 above, here Plaintiffs produce no evidence or foundation for their belief that further responsive documents exist.  Accordingly, the Court must credit Defendant's representation.  Either because Defendant has agreed to produce the documents or because no further responsive documents exist, Plaintiffs' motion is **DENIED** with respect to RFP Nos. 2 and 3, Set One.  See Olson v. City of Bainbridge Island, No. C08-5513-RJB, 2009 WL 1770132, at *7 (W.D. Wash. June 18, 2009) (denying plaintiff's motion to compel in part as moot because "[p]laintiffs assert[ed], and [d]efendants d[id] not dispute, that the parties ha[d] come to an agreement on this Request").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  **2:24-cv-06312-RGK-MAR**                              Date:  May 9, 2025

Title:    _Judy Griffin et al v. City of Los Angeles_

**D.    Interrogatory Nos. 7–8 & 12, Set Two[2]**

**1.    Interrogatories**

**Interrogatory No. 7:**

Identify by name, description and/or address, all PARK FACILITIES or parts of a PARK FACILITY facilities that have been ALTERED by DEFENDANT since January 26, 1992.

**Response to Interrogatory No. 7:**

Already produced documents provide the most reasonably available information regarding alterations including the location and a description thereof. Specifically, COLA_006143 and COLA_005469-5481. In addition, the Park Fee Annual Reports for Fiscal years from 2016 to present provide information in Exhibit E regarding project locations, scope and start date. Additional documentation is being pulled from the City's Bureau of Engineering in the form of as-built plans in digitized form to the extent available which may provide additional information responsive to this request and the interrogatory will be amended upon receipt of the additional information. Any information pre-dating what is contained in the above-referenced Bates Numbered documents and what may be available from the digitized information from the Bureau of Engineering may be contained in hard files stored by the City in unorganized form and dating back decades, which also includes files unrelated to the City's Recreation and Parks Department facilities and a search for such documents is not proportional to the information needed by Plaintiffs for prosecution of its case. See, Rule 26(b)(1); Crystal Lakes v. Bath & Body Works, LLC, No. 2:16-CV-2989-MCE-GGH, 2018 WL 533915, at *1 (E.D. Cal. Jan. 23, 2018).

///

---

[2] Plaintiffs' most recent declaration indicates that the parties' disputes regarding Interrogatory Nos. 9 and 11, Set Two, have been resolved.  Johnson Decl. ¶ 7.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  **2:24-cv-06312-RGK-MAR**                                Date:  May 9, 2025

Title:       _Judy Griffin et al v. City of Los Angeles_

**Interrogatory No. 8:**

For each PARK FACILITY or part of a PARK FACILITY that has been altered since January 26, 1992, state the nature and scope of the ALTERATION, the date on which construction of the ALTERATION began, and the date on which construction of the ALTERATION was completed.

**Response to Interrogatory No. 8:**

Already produced documents provide the most reasonably available information regarding alterations including the location and a description thereof. Specifically, COLA_006143 and COLA_005469-5481. In addition, the Park Fee Annual Reports for Fiscal years from 2016 to present provide information in Exhibit E regarding project locations, scope and start date. Additional documentation is being pulled from the City's Bureau of Engineering in the form of as-built plans in digitized form to the extent available which may provide additional information responsive to this request and the interrogatory will be amended upon receipt of the additional information. Any information pre-dating what is contained in the above-referenced Bates Numbered documents and what may be available from the digitized information from the Bureau of Engineering may be contained in hard files stored by the City in unorganized form and dating back decades, which also includes files unrelated to the City's Recreation and Parks Department facilities and a search for such documents is not proportional to the information needed by Plaintiffs for prosecution of its case. See, Rule 26(b)(1); <u>Crystal Lakes v. Bath & Body Works, LLC</u>, No. 2:16-CV-2989-MCE-GGH, 2018 WL 533915, at *1 (E.D. Cal. Jan. 23, 2018).

**Interrogatory No. 9:**

Identify all ALTERATIONS made to PARK FACILITIES by DEFENDANT since January 26, 1992, including the name of the PARK FACILITY and the nature and scope of the ALTERATION, for which DEFENDANT contends that the cost to provide an accessible path of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  **2:24-cv-06312-RGK-MAR**                    Date:  May 9, 2025

Title:    _Judy Griffin et al v. City of Los Angeles_

travel to the ALTERED area was DISPROPORTIONATE to the cost of the overall ALTERATION within the meaning of 28 C.F.R. § 35.151(b)(iii).

## Response to Interrogatory No. 9:

Already produced documents provide the most reasonably available information regarding alterations including the location and a description thereof. Specifically, COLA_006143 and COLA_005469-5481. In addition, the Park Fee Annual Reports for Fiscal years from 2016 to present provide information in Exhibit E regarding project locations, scope and start date. Additional documentation is being pulled from the City's Bureau of Engineering in the form of as-built plans in digitized form to the extent available which may provide additional information responsive to this request and the interrogatory will be amended upon receipt of the additional information. Any information pre-dating what is contained in the above-referenced Bates Numbered documents and what may be available from the digitized information from the Bureau of Engineering may be contained in hard files stored by the City in unorganized form and dating back decades, which also includes files unrelated to the City's Recreation and Parks Department facilities and a search for such documents is not proportional to the information needed by Plaintiffs for prosecution of its case. See, Rule 26(b)(1); <u>Crystal Lakes v. Bath & Body Works, LLC</u>, No. 2:16-CV-2989-MCE-GGH, 2018 WL 533915, at *1 (E.D. Cal. Jan. 23, 2018).

## Interrogatory No. 12:

Describe IN DETAIL all actions taken by DEFENDANT to remediate PARK FACILITIES that were newly CONSTRUCTED or ALTERED prior to March 15, 2012 that do not comply with the 1991 ADA Standards for Accessible Design (ADAAG) or the Uniform Federal Accessibility Standards (UFAS), as required by 28 C.F.R. § 35.151(c)(5).

///
///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. **2:24-cv-06312-RGK-MAR**                                Date: May 9, 2025

Title:     _Judy Griffin et al v. City of Los Angeles_

**Response to Interrogatory No. 12:**

Already produced documents provide the most reasonably available information regarding alterations in general including the location and a description thereof. Specifically, COLA_006143 and COLA_005469-5481. In addition, the Park Fee Annual Reports for Fiscal years from 2016 to present provide information in Exhibit E regarding project locations, scope and start date. Additional documentation is being pulled from the City's Bureau of Engineering in the form of as-built plans in digitized form to the extent available which may provide additional information responsive to this request and the interrogatory will be amended upon receipt of the additional information. Any information pre-dating what is contained in the above-referenced Bates Numbered documents and what may be available from the digitized information from the Bureau of Engineering may be contained in hard files stored by the City in unorganized form and dating back decades, which also includes files unrelated to the City's Recreation and Parks Department facilities and a search for such documents is not proportional to the information needed by Plaintiffs for prosecution of its case. See, Rule 26(b)(1); Crystal Lakes v. Bath & Body Works, LLC, No. 2:16-CV-2989-MCEGGH, 2018 WL 533915, at *1 (E.D. Cal. Jan. 23, 2018). Based upon currently known information, there is no tracking system for what alterations may have been performed solely to address an accessibility issue which is what the interrogatory seeks.

Dkt. 86-1 at 28–31.

2.     **Analysis**

Plaintiffs argue that Defendant's attempt to respond to these interrogatories by way of producing documents pursuant to Fed. R. Civ. P. 33(d) is improper because they have not yet produced all of the necessary documents.  Dkt. 86-1 at 42–43. Plaintiffs also note that Defendant agreed to supplement their responses to their interrogatories but have not yet done so.  Id.  Defendant argues that their responses

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  **2:24-cv-06312-RGK-MAR**                          Date:  May 9, 2025

Title:    *Judy Griffin et al v. City of Los Angeles*

were accurate at the time they were provided and that they are in the process of producing further documents that are or will be referenced in their responses.  Id.

As Defendant acknowledges, it has a continuing obligation to supplement its responses in a timely manner when it learns the response was incomplete or incorrect. Defendant appears to intend to supplement its responses and supplement its production, and therefore the motion to compel appears moot and/or unnecessary with respect to these interrogatories.  In any case, the discovery deadline in this case is fast approaching, and Defendant should ensure to supplement their responses in a timely manner.

**IV.
CONCLUSION AND ORDER**

Based on the foregoing reasons, **IT IS THEREFORE ORDERED** that:

(1)    Plaintiffs' motion to compel, Dkt. 86, is **DENIED in part**, with respect to:
   a.   RFP No. 22, Set One;
   b.  RFP Nos. 2 and 3, Set Two; and
   c.  Interrogatory Nos. 7–8, and 12.
(2)    Plaintiffs' motion is **GRANTED in part**, with respect to:
   a.  RFP Nos. 8 and 11; and
   b.  RFP no. 9.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  **2:24-cv-06312-RGK-MAR**                              Date:  May 9, 2025

Title:    _Judy Griffin et al v. City of Los Angeles_

 **Defendant should provide supplemental responses by May 21, 2025,[3] the discovery cutoff in this case.**[4]


**IT IS SO ORDERED.**

                                                                        :

                                  **Initials of Preparer**        vv

---

[3] The Court notes that Defendant alleges its production is extensive this case.  However, this Court is ultimately without authority to amend the district judge's scheduling order and thus cannot grant Defendant any further time to complete discovery. L.R. 16-14 ("Any application to modify an order entered pursuant to Rule 16 shall be made to the judicial officer who entered the order."); see Watts v. Allstate Indemnity Co., No. 2:08-cv-01877 LKK KJN, 2012 WL 5289314 (E.D. Cal. Oct. 23, 2012) (finding that a magistrate judge does not have authority to amend a district judge's scheduling order); UMG Recordings, Inc. v. Disco Azteca Distribs., No. CIV.S-04-2611 FCD DAD, 2006 WL 2034689, at *3 (E.D. Cal. July 18, 2006) ("Of course, the magistrate judge is not empowered to modify the district judge's scheduling order.").  Any request to extend the discovery deadline must be made to the district judge in accordance with their procedures

[4] Plaintiffs deferred their request for expenses until the end of the case, where they intend to seek recovery of fees and costs for the entire litigation, should they prevail. Dkt. 86-1 at 43 n.4.  Indeed, given that the motion was granted in part and denied in part, the Court is not required to apportion costs and fees for the motion.  See Fed. R. Civ. P. 37(a)(5)(C).  The Court declines to do so.