No JS6

**NOTE: MODIFIED BY THE COURT**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| JUDY GRIFFIN, et al.,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>CITY OF LOS ANGELES,<br><br>　　　　Defendant. | CASE NO.  2:24-cv-06312-RGK-MAR<br><br>**CLASS ACTION**<br><br>**[Proposed] ORDER GRANTING INJUNCTIVE RELIEF** |

## INTRODUCTION

On July 26, 2024, Judy Griffin, Olivia Almalel, Communities Actively Living Independent and Free ("CALIF"), and R.S., by and through her guardian ad litem, Matthew Sttuski ("Plaintiffs") filed a class action Complaint for declaratory and injunctive relief against the City of Los Angeles ("Defendant"). (ECF No. 1.) Plaintiffs allege Defendant systemically failed to ensure its newly constructed and renovated public parks and park facilities are readily accessible to persons with mobility disabilities, and assert that Defendant's allegedly deficient policies, procedures, and practices violated Title II of the Americans with Disabilities Act of 1990 ("ADA"); Section 504 of the Rehabilitation Act of 1973 ("Section 504"); and the California Disabled Persons Action, California Government Code §11135 ("Section 11135").

On February 13, 2025, the Court certified a class for this action consisting of

"all persons with mobility disabilities, including those who use wheel chairs, scooters, canes or other mobility aids, who use or desire to use the City of Los Angeles' public parks and park facilities." (ECF No. 63.)

On October 14, 2025, the case proceeded to a bench trial. Following the presentation of Plaintiffs' case, Defendant made an oral motion for judgment pursuant to Federal Rule of Civil Procedure ("Rule") 52(c).

The Court issued an order denying the motion on November 13, 2025 (the "Order"). (ECF 178) The Court made findings of fact in the Order at Section III, including regarding "**A. Barriers at Newly Constructed or Altered Park Facilities**" (ECF 178, pp.4-6), and "**B. Maintenance Barriers in Park Accessibility Features**" (Id, pp.6-7).

The Court entered Judgment for Plaintiffs on November 20, 2025. ("Judgment") (ECF No. 179). The Court adopted and incorporated by reference the Findings of Fact made in the Order. (ECF No. 179, II. Findings of Fact, p.2) The Court made additional Findings of Fact in the Judgment including regarding "**A. Relevant Departmental Structure and Policies**", "**B. Grievance Systems**" and "**C. Transition Plan**". (Id, pp.2-5) and issued Conclusions of Law, requiring the parties to submit a proposed injunction based upon the Findings of Fact and Conclusions of Law.

## INJUNCTIVE RELIEF

Based upon the foregoing, the Court therefore orders the following injunctive relief:

1. Barrier Remediation: Plaintiffs established violations of Title II of the Americans with Disabilities Act ("ADA"), Section 504 of the Rehabilitation Act of 1973 ("Section 504"); and the California Disabled Persons Act, California Government Code §11135 ("Section 11135") through evidence of physical barriers as outlined in, "**A. Barriers at Newly Constructed or Altered Park Facilities**" (ECF 178, pp.4-6) and "**B. Maintenance Barriers in Park Accessibility Features**"

(Id, pp.6-7). Defendants shall remediate the following barriers within 180 days of entry of this Order:

    a.    <u>Northridge Recreation Center</u>, 18300 Lemarsh Street, Northridge: Restrooms serving Dodger's Dream Field, play areas and the gymnastics, basketball, and tennis courts located in the middle of the park serving these altered facilities including narrow door entrances and toilet stalls; signage to alternate accessible restrooms if accessible restrooms are closed; and the lack of an accessible path of travel to Dodger 's Dream Field.

    b.    <u>Reseda Park and Recreation Center</u>, 18411 Victory Boulevard, Reseda: steep ramp without extended handrails at play area completed in June 2017 and accessible path to the play area.

    c.    <u>Griffith Park - Fern Dell</u>, 4730 Crystal Springs Drive, Los Angeles: the Fern Dell Play Area and adjacent restroom completed in July 2019 have barriers in the path of travel to the altered play area including steep running slope of (1) a bridge, which was the only pedestrian route from the designated accessible parking to the play area, and (2) a path of travel adjacent to the bridge.

    d.    <u>Chatsworth Park North</u>, 22300 Chatsworth Street, Chatsworth: only on site restroom barriers including narrow door entrances, wheelchair accessible toilet stalls without grab bars, and soap dispensers and hand dryers mounted higher than the maximum accessibility height limit.

    e.    <u>Venice Beach</u>, 1800 Ocean Front Walk, Venice: restrooms located near the skate park lacking accessibility signage and grab bars.

    f.    <u>Sycamore Grove Park</u>, 4702 North Figueroa Street, Los Angeles: broken accessible drinking fountains and accessible paths of travel in need of maintenance to repair cracks.

    g.    <u>Holmby Park</u>, 601 Club View Drive, Los Angeles: designated accessible restrooms locked and non-compliant; accessible path of travel in need of maintenance to repair cracks.

  h. <u>Mar Vista Recreation Center</u>, 11430 Woodbine Avenue, Los Angeles: two accessible parking stalls sharing an access aisle that does not join an accessible route.

  2. Within 30 days of the completion of all corrective work performed pursuant to this Order, the City shall provide notice to Plaintiffs, through their counsel, of the completion of the work. If requested by Plaintiffs, the City shall provide an opportunity for Plaintiffs to inspect the completed work.

  3. Within 60 days of the date of this Order, Defendant shall adopt, implement and enforce a formal written policy requiring all violations of Title 24 of the CBC be corrected within 90 days of discovery.

  4. Defendant shall prominently post at the public entrance of all parks signage informing visitors how to make a complaint or advise the City of accessibility issues in the City's parks and park facilities. Installation of the signage shall take place within 180 days of entry of this Order. Signage shall comply with the accessibility requirements for signage set forth in the 2010 ADAS and the current version of the CBC.

 This Court retains jurisdiction over this matter to enforce the terms of this Order or to resolve any disputes arising from this Order.

**IT IS SO ORDERED.**

DATED: 1/12/2026

HON. R. GARY KLAUSNER
U.S. DISTRICT JUDGE