UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS6

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-06312-RGK-MAR | Date | June 11, 2026 |
| Title | ***Judy Griffin et al. v. City of Los Angeles*** | | |

| | | |
|---|---|---|
| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| | |
|---|---|
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) Order Re: Plaintiffs' Motion for Attorney Fees [196]**

## I. INTRODUCTION AND BACKGROUND[1]

On July 26, 2024, Judy Griffin, Olivia Almalel, Communities Actively Living Independent and Free ("CALIF"), and R.S., by and through her guardian ad litem, Matthew Struski (collectively, "Plaintiffs") filed a class action Complaint for declaratory and injunctive relief against the City of Los Angeles ("Defendant") on behalf of similarly situated persons with mobility disabilities (the "Class"). (ECF No. 1.) Plaintiffs allege Defendant systemically failed to ensure its newly constructed and renovated public parks and park facilities are readily accessible to persons with mobility disabilities, and assert that Defendant's allegedly deficient policies, procedures, and practices violated Title II of the Americans with Disabilities Act of 1990 ("ADA"); Section 504 of the Rehabilitation Act of 1973 ("Section 504"); and the California Disabled Persons Action, California Government Code § 11135 ("Section 11135").

For approximately one year, the parties engaged in discovery: requesting and producing documents, engaging in motion practice concerning discovery disputes, taking depositions, and retaining experts. Additionally, the parties prepared for trial, which included filing several competing motions in limine.

In October 2025, the Court presided over a three-day bench trial. On November 20, 2025, the Court issued its final findings of fact and conclusions of law and entered judgment in favor of Plaintiffs. (ECF No. 179.) On January 13, 2026, the Court issued injunctive relief, ordering Defendant to (1) remediate the barriers in eight park facilities;[2] (2) adopt, implement, and enforce a formal written policy

[1] Because the parties are familiar with the facts of this case, as summarized in prior post-trial orders (*see* ECF Nos. 178, 179), the Court recounts only the facts relevant to the instant Motion for Attorney Fees (ECF No. 196).

[2] The park facilities include Northridge Recreation Center, Reseda Park and Recreation Center, Griffith Park – Fern Dell, Chatsworth Park North, Venice Beach, Sycamore Grove Park, Holmby Park, and Mar Vista Recreation Center. (*See* ECF No. 190.)

requiring violations of Title 24 of the California Building Code ("CBC") be corrected within 90 days of discovery; and (3) prominently post at public entrances of all parks signage informing visitors on how to lodge a complaint or otherwise advise Defendant of accessibility issues in the parks and park facilities. (ECF No. 190.)

Unable to come to an agreement with Defendant regarding attorneys' fees, Plaintiffs filed the present Motion for Attorney Fees. (ECF No. 196.) In their Reply, Plaintiffs seek attorneys' fees and costs in the amount of $10,796,413.70 and recoverable costs in the amount of $1,339,293.67.[3] For the following reasons, the Court **GRANTS in part** Plaintiff's Motion.

## II. JUDICIAL STANDARD

A prevailing party ordinarily may not collect attorneys' fees from the losing party. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975). However, exceptions to that general rule exist where a statute or other rule allows such collection. *Id.* at 257.

For example, prevailing parties in cases brought pursuant to the ADA and Section 504 are entitled to their attorneys' fees, expenses, and costs. *See* 42 U.S.C. § 12205 ("In any action . . . commenced pursuant to this chapter, the court . . . in its discretion, may allow the prevailing party . . . a reasonable attorney's fee, including litigation expenses, and costs."); 29 U.S.C. § 794a(b) ("In any action or proceeding to enforce or charge a violation of a provision of this subchapter, the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs."). Similarly, under California law, prevailing plaintiffs in cases under Section 11135 who enforce an important right affecting the public interest are also entitled to recover attorneys' fees. *See* Cal. Civ. Proc. Code § 1021.5 ("[A] court may award attorneys' fees to a successful party against one or more opposing parties in any action which has resulted in the enforcement of an important right affecting the public interest . . . .").

In the Ninth Circuit and California state courts, courts calculate an award of attorneys' fees by calculating the "lodestar." *See Caudle v. Bristow Optical Co. Inc.*, 224 F.3d 1014, 1028 (9th Cir. 2000); *see also Nw. Energetic Servs., LLC v. California Franchise Tax Bd.*, 159 Cal. App. 4th 841, 879 (2008), *as modified on denial of reh'g* (Mar. 3, 2008) (applying lodestar analysis in reviewing an attorneys' fee award under Section 1021.5). The "lodestar" amount is calculated by multiplying the number of hours

---

[3] In the initial Motion, Plaintiffs sought $10,570,421.20 in attorneys' fees and $1,337,408.90 in costs and expenses through December 31, 2025, to be updated with Plaintiffs' Reply briefing. (*See* ECF No. 196.) In their Reply, Plaintiffs updated this request, adding the fees and costs for briefing the instant Motion and withdrawing a subset of billing entries from their initial fee award request in an exercise of billing judgment. (*See* ECF No. 230.) In their Opposition, Defendant does not dispute Plaintiffs' ability to update the request with fees, costs, and expenses for litigating this fee application.

the prevailing party reasonably expended on the litigation by a reasonable hourly rate. *Caudle*, 224 F.3d at 1028.

## III. <u>DISCUSSION</u>

Plaintiffs argue that because they prevailed on their claims under the ADA, Section 504, and Section 11135 and this action enforced an important right affecting the public interest, as is required under Section 1021.5, Plaintiffs are entitled to a fully compensatory fee and cost award. The requested attorneys' fees include the billed work from the four law firms representing Plaintiffs: Dardarian Ho Kan & Lee ("DHKL"), Disability Rights Advocates ("DRA"), Schneider Wallace Cottrell Kim, LLP ("SWCK"), and the Law Office of Paula Pearlman ("LOPP") (collectively, "Class Counsel").

As mentioned above, Plaintiffs contend in the Reply that they seek attorneys' fees and costs in the amount of $10,796,413.70 and costs in the amount of $1,339,293.67. However, notably to the Court, the declaration for which the Reply cites to does not support the attorneys' fee amount requested. (*See* A. Lee Reply Decl. ⁋ 3, Reply, ECF No. 230-1 (noting the total lodestar, with the requested 1.2x multiplier, amounts to $10,786,413.70.) The Court understands that this could simply be an inadvertent typo, however, Plaintiffs fail to provide the backup for these summarized numbers to confirm. (*See id.* (failing to cite to the source information underlying the summary chart.) Moreover, after carefully reviewing each firm's supporting declarations, the Court finds that the hours and lodestar each firm declared do not match Plaintiffs' requested, and presumably consolidated, attorneys' fee amount summarized in the Reply or Mr. Lee's Reply Declaration.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-06312-RGK-MAR | Date | June 11, 2026 |
|---|---|---|---|
| Title | ***Judy Griffin et al. v. City of Los Angeles*** | | |

Accordingly, for reasonable accuracy and avoidance of error, the Court proceeds by considering the amounts each firm requested in their supporting declarations, broken down as follows:

| Firm | Total Hours Requested | Total Lodestar Requested |
|---|---|---|
| DHKL[4] | 3,565.4 | $3,094,487.50 |
| SWCK[5] | 3,817.3 | $4,070,485.00 |
| DRA[6] | 1,962.5 | $1,334,454.50 |
| LOPP[7] | 495 | $668,250.00 |
| **Total:** | **9,840.2** | **$9,167,677.00** |

Accordingly, the Court construes the declarations to support a request for attorneys' fees in the amount of $9,167,677 with a multiplier of 1.2.

As referenced above, the total requested hours include reductions Plaintiffs affirmatively made in the Motion and withdrew in the Reply. More specifically, in the Motion, Plaintiffs assert they applied a voluntary reduction to their pre-judgment lodestar in the amount of $65,100, calculated by multiplying 70 hours by a purported blended rate of $930 per hour. (Mot. at 9.) This reduction includes 10 hours of time attributed to drafting the Complaint and 60 hours of trial attendance time.

[4] (*See* Lee Reply Decl. ¶¶ 7, 8 (summarizing current fee request from July 1, 2023 through April 30, 2026, excluding hours withdrawn due to billing judgment).)

[5] (*See* G. Wallace Decl. ¶ 70, Mot., ECF No. 196-12 (summarizing initial fee request from July 1, 2023 through December 31, 2025); G. Wallace Reply Decl. ¶ 71, Reply, ECF No. 230-10 (summarizing fee request from January 1, 2026 through April 30, 2026); Ex. A, Wallace Reply Decl., ECF No. 230-11 (summarizing hours and total lodestar reduced from initial fee request on Reply).)

[6] (*See* S. Parks Reply Decl. ¶¶ 45, 47, 48 (summarizing initial fee request, the amount reduced on Reply, and the fees requested for work completed between January 1, 2026 and April 30, 2026).)

[7] (*See* P. Pearlman Reply Decl., Reply, ECF No. 230-16 ¶¶ 31, 34 (summarizing initial fee request, withdrawing fees excluded in the Reply, and fee request for work from January 1, 2026 through April 30, 2026).)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-06312-RGK-MAR | Date | June 11, 2026 |
|---|---|---|---|
| Title | ***Judy Griffin et al. v. City of Los Angeles*** | | |

In the Reply and in response to Defendant's Opposition, each Class Counsel withdrew additional hours, as broken out by firm below:

| Firm | Withdrawn Hours | Resulting Lodestar Reduction |
|---|---|---|
| DHKL[8] | 8.7 | $6,652.50 |
| SWCK[9] | 112.0 | $102,687.50 |
| DRA[10] | 63.3 | $39,887.50 |
| LOPP[11] | 11.3 | $15,255.00 |
| **Total:** | **195.3** | **$164,482.50** |

Defendant does not dispute Plaintiffs are the prevailing party or that this case satisfies the requirements of Section 1021.5.[12] Instead, Defendant argues Plaintiffs should not be awarded fees, or the requested fees should at least be significantly reduced, because the request is unreasonable and excessive. Additionally, Defendant argues Plaintiffs are not entitled to the requested costs and should be accordingly reduced and denied. The Court addresses each argument below.

### A. Attorneys' Fees

#### 1. *Hourly Rates*

A plaintiff must submit sufficient evidence demonstrating that the requested rates are comparable to those in the relevant community for similar services. *Andrews v. Equinox Holdings, Inc.*, 570 F. Supp. 3d 803, 808 (N.D. Cal. 2021). The relevant community is the district in which the court sits. *In re Toys "R" Us-Del., Inc. – Fair and Accurate Credit Transaction Act (FACTA) Litig.*, 259 F.R.D. 438, 463 (C.D. Cal. 2014). If a party does not meet its demonstrative burden for the requested hourly rates, the court may use its discretion to determine reasonable hourly rates "based on its experience and knowledge of prevailing rates in the community." *Id.* "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990)

[8] (*See* Ex. H, Lee Reply Decl., ECF No. 230-9.)
[9] (*See* Ex. A, Wallace Reply Decl.)
[10] (*See* Parks Reply Decl. ⁋ 45.)
[11] (*See* Pearlman Reply Decl. ⁋ 31.)
[12] Since Defendant does not dispute these issues and Plaintiffs provide a sufficiently detailed analysis in their Motion, the Court finds Plaintiffs have met those federal and California law requirements for requesting attorneys' fees and costs.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-06312-RGK-MAR | Date | June 11, 2026 |
|---|---|---|---|
| Title | ***Judy Griffin et al. v. City of Los Angeles*** | | |

Plaintiffs request a fee award based on the following rates of Class Counsel:

| Name | Position | Graduation Year or Years of Experience | Hourly Rate |
|---|---|---|---|
| **DHKL** | | | |
| Linda M. Dardarian | Senior Partner | 1987 | $1,275 |
| Andrew P. Lee | Partner | 2006 | $1,125 |
| Ginger L. Grimes | Partner | 2015 | $900 |
| Christian Giannini | Associate (post-bar admission) | 2024 | $550 |
| Christian Giannini | Law Clerk (pre-bar admission) | 2024 | $475 |
| Scott Grimes | Senior Paralegal | 36 years | $475 |
| Damon Valdez | Paralegal | 35 years | $425 |
| Gouri Chakraborty | Entry-level Paralegal | 4 years | $375 |
| Sophia Kaufmann | Entry-level Paralegal | 1.5 years | $375 |
| **DRA** | | | |
| Jinny Kim | Supervising Attorney | 1999 | $1,005 |
| Scott Gordon | Senior Staff Attorney | 2010 | $665 |
| Amelia Evard | Staff Attorney | 2021 | $520 |
| Jameelah Najieb | Staff Attorney | 2022 | $490 |
| Amy Ollove | Paralegal | 3–4 years | $280 |
| **SWCK** | | | |
| Guy B. Wallace | Senior Partner | 1993 | $1,350 |
| Mark T. Johnson | Counsel | 1977 | $1,150 |
| Jennifer Bybee | Senior Associate | 2009 | $925 |
| Travis Close | Senior Associate | 2015 | $850 |
| Rachel Steyer | Associate | 2019 | $750 |
| **LOPP** | | | |
| Paula Pearlman | Principal Attorney | 1982 | $1,350 |

Plaintiffs contend the blended rate is $930 per hour.

To support these figures, Plaintiffs provide the qualifications of the four Class Counsel firms along with descriptions of the categories of work for which they seek fees and costs. (*See generally* L. Dardarian Decl., Mot., ECF No. 196-3; Wallace Decl.; S. Parks Decl., Mot., ECF No. 196-28; P. Pearlman Decl., Mot., ECF No. 196-39.) Class Counsel submitted detailed declarations setting forth the experience and education of the billing attorneys and legal staff, the work each biller performed in this litigation, and examples of other state and federal courts approving their hourly rates. Additionally, Plaintiffs submitted a supporting declaration from attorney-fee expert Richard Pearl, in which he opined Class Counsel's hourly rates are well within the range of hourly rate at which the Los Angeles area legal marketplace would compensate them for similar services accomplishing similar results as what was achieved in this case. Plaintiffs also submitted declarations from two other California attorneys similarly opining on the reasonableness of Class Counsel's rates.

In opposition, Defendant argues Class Counsel's rates are unreasonable. Defendant bases its argument primarily on attorney-fee expert Kim Karelis' declaration. After reviewing Class Counsel's rates, Wolter Kluwer's *Real Rate Report* ("Real Rate Report"), and various Ninth Circuit and district court decisions, Karelis opines the rates should be set between $875 per hour for experienced partners and $140 per hour for legal staff work.

The parties do not dispute, and the Court agrees, that courts regularly consider data from the Real Rate Report to determine a reasonable hourly rate. *See, e.g.*, *Pritchett v. Slauson Gas Station, LLC*, 2022 WL 319989, at *2 (C.D. Cal. Jan. 10, 2022) ("[T]his Court and others regularly consult the Real Rate Report . . . when awarding attorneys' fees because it is based on actual legal billing, matter information, and paid and processed invoices from a wide range of companies."). The 2025 Real Rate Report provides the following rates for litigation attorneys in the Los Angeles area:

| Role | First Quartile | Median | Third Quartile |
|---|---|---|---|
| Partner | $519 | $875 | $1,334 |
| Associate | $461 | $700 | $1,041 |

(Wolter Kluwer's 2025 *Real Rate Report* at 20, Ex 4, K. Karelis Decl., Opp'n, ECF No. 225.) Notably, Plaintiffs' requested blended rate, $930 per hour, is lower than the listed third quartile rates for both partners and associates.

Defendant relies on Karelis' argument that the median rates for partners and associates "are the most reasonable in light of the totality of the circumstances of this litigation," and that only one partner from each of the four firms should be included as necessary. (Karelis Decl. at ⁋ 36.) Karelis does not dispute Class Counsel's experience or expertise but rather contends that this matter was a straightforward dispute regarding accessibility and did not involve complex issues justifying third quartile rates. Instead, Karelis argues that because Class Counsel's firms are each composed of less than

fifty attorneys, the nationwide reported rates for firms of that size range support applying the median rates listed above. The Court disagrees.

First, as the Court has discussed in detail in prior orders, this class action involved multiple federal and state accessibility disputes across numerous parks facilities and sites and allegations concerning systemic policy, procedure, and practice issues. While the underlying accessibility issues may not be novel, the breadth of the disputed issues and inherent challenges in proving complex systemic issues do not support the contention that this action was straightforward. Second, neither Defendant nor Karelis explain why an across-the-board hourly rate for partners and associates with varying levels of experience is reasonable. *See Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 980 (9th Cir. 2008) (vacating fee award for which a district court did not indicate why a single hourly rate was reasonable for three attorneys with varying experience). Third, the Ninth Circuit has already rejected the contention that attorneys' fee rates should be reduced simply because of the firm's size. *See LA Int'l Corp. v. Prestige Brands Holdings, Inc.*, 168 F.4th 608, 626 (9th Cir. 2026) ("A firm's small size should not automatically result in its attorneys receiving a reduced hourly rate. A firm's size does not directly bear on the factors we must consider when awarding fees—the lawyers' skill, experience, and reputation.").

Finally, Defendant and Karelis fail to engage meaningfully with the probative evidence Plaintiffs submitted in support of the requested rates. "[A]ffidavits of the plaintiffs' attorneys and other attorneys regarding prevailing fees in the community, and rate determinations in other cases are satisfactory evidence of the prevailing market rate." *Camacho*, 523 F.3d at 980 (internal quotation marks omitted). As outlined above, Plaintiffs submitted exactly that type of evidence, which provide detailed support for finding that the requested rates are reasonable.[13] Additionally, Plaintiffs cite prior court orders expressly approving Class Counsel's rates in similar civil rights and disability access cases. *See, e.g.*, *Curran v. City of Oakland*, 2025 WL 3485360, at *7 (N.D. Cal. Dec. 4, 2025) (approving DHKL, SWCK, and DRA's 2025 billing rates in a disability rights class action). Moreover, Plaintiffs cite prior cases within this District approving hourly rates of up to $1,700 per hour in class action cases and $1,500 per hour in single-plaintiff civil rights cases. (*See* Mot. at 11–12 (collecting cases)); *see, e.g.*, *C.B. v. Moreno Valley Unified Sch. Dist.*, 2025 WL 3040876, at *8 (C.D. Cal. Oct. 3, 2025) (approving hourly rate of $1,550 for partner and $325 per hour for skilled paralegals in a single-plaintiff civil rights case); *In re Loandepot Data Breach Litig.*, 2025 WL 2633063, at *5 (C.D. Cal. Aug. 25, 2025) (approving hourly rate range up to $1,700 per hour for attorney work in a class action).

[13] Defendant only cursorily addresses the declarations Plaintiffs' fee expert and other attorneys submitted in support of the Motion, arguing the Court should reject them except to the extent they recognize the Real Rate Report as the appropriate standard because the declarations constitute long accolades and ignore the outcome of the case, characterizing it as "excellent." The Court is unpersuaded. These declarations summarize their declarants' backgrounds, which is helpful for context, and include helpful analyses relevant to determining whether the requested rates are reasonable when compared to those in the Los Angeles area for similar services.

Accordingly, based on the extensive evidence submitted, the Courts finds that the Class Counsel's requested hourly rates are reasonable, and approves the hourly rate outlined in the chart above.[14]

2. <u>*Hours Billed*</u>

Prevailing plaintiffs should be awarded fees that cover "every item of service which, at the time rendered, would have been undertaken by a reasonably prudent lawyer to advance or protect his client's interest." *Armstrong v. Davis*, 318 F.3d 965, 971 (9th Cir. 2003). "The fee applicant bears the burden of documenting the appropriate hours expended in litigation and must submit evidence in support of those hours worked." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992). "Verified attorney time records are presumptively correct." *Ortega v. BMW of N. Am., LLC*, 2019 WL 6792798, at *3 (C.D. Cal. Oct. 24, 2019).

As discussed above, Plaintiffs seek to recover 9,840.2 hours, arguing those billed hours were reasonably expended in litigating this action.[15] Plaintiffs submit Class Counsel's billing records and declarations for support.

Defendant argues the total hours billed are unreasonable on six grounds. Specifically, Defendant challenges the requested hours expended because the hours (1) include administrative work; (2) are consolidated into block billing; (3) are vaguely described; (4) include duplicative work, like conferencing among Class Counsel; (5) were excessively billed; and (6) include discovery for parks that were not presented at trial. The Court addresses each challenge in turn.

a. *Administrative Work*

First, Defendant argues that Plaintiffs unreasonably billed hours expended on administrative tasks. Defendant includes an exhibit setting forth all challenged administrative time entries, amounting to 56.1 hours. (Karelis Decl., ¶ 58, Ex. 6A.) "When clerical tasks are billed at hourly rates, the court should reduce the hours requested to account for the billing errors." *Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009). "Non-billable clerical and administrative tasks may include basic procedural research, formatting and filing documents, calendaring matters, setting up databases for document control, or arranging conference calls." *Williams v. Los Angeles Sheriff's Dep't*, 2020 WL 8461695, at *6 (C.D. Cal. Dec. 16, 2020).

---

[14] Class Counsel request their 2025 hourly rate be applied, even though some work occurred in 2023 and 2024. The Court finds it appropriate for Class Counsel to use their current hourly rates to calculate the lodestar on all time spent since the inception of the case to account for delay in payment. *See Missouri v. Jenkins*, 491 U.S. 274, 283–84 (1989).

[15] As referenced above, the requested billed hours consider the hours Plaintiffs affirmatively reduced in their Motion in an exercise of billing judgment and withdrew in their Reply.

Although Plaintiffs dispute that Defendant properly characterized these challenged entries, Class Counsel agree to withdraw 17.2 of those challenged hours. Class Counsel challenges the remaining flagged entries, arguing the remaining billed hours relate to travel that was necessary for trial as those billing attorneys had significant trial responsibilities. In this District, "it is the custom . . . to award attorneys' fees for reasonable travel time." *Bea-Mone v. Silverstein*, 2019 WL 762676, at *3 (C.D. Cal. Feb. 20, 2019). Accordingly, since Plaintiffs have demonstrated the attorneys billing for travel to the trial had active trial responsibilities, the Court finds these hours are reasonable and declines applying further reductions.

b. *Block Billing*

Next, Defendant strikes issue with numerous billing entries it characterizes as block billing, requesting the Court apply a 30% reduction. Class Counsel objects to most of the challenged entries, arguing those entries clearly describe what work was performed. Class Counsel contends that most of the entries at issue describe tasks that are inherently interrelated and difficult to track separately, like analyzing, researching, and editing related parts of the same task. After re-reviewing its billing entries and out of an avoidance of doubt, SWCK agreed to withdraw 51 hours for a lodestar amount of $54,617,50.

Courts can reduce block billed time if the Court has difficulty determining from the entries whether the billed time was spent reasonably. *See Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007). After reviewing the challenged entries, the Court agrees with Plaintiffs. The challenged entries primarily describe different components of the same task. More importantly, those descriptions are sufficient to allow the Court to determine if the hours expended were reasonable. For example, for the task category "Trial Preparation and Attendance," a DHKL attorney billed 0.8 hours to, "Draft evidence outline for our maintenance claim at trial & analyze necessary elements needing to be proved." (*See* Ex. 6B at 16, Karelis Decl.) Indeed, drafting an outline of a claim and analyzing the elements needed to prove that claim go hand in hand to achieve the task. Also, for the task category "Expert Work," a DRA attorney billed 2.1 hours to "Research and draft email memo re attorney-client privilege issues and communications w/ represented parties issues that may be involved in onsite communications by experts w/ RAP staff." (*Id.* at 18.) Although this task includes several components, describing them together is understandable and potentially complicated for the attorney to discretely track.

Accordingly, since it is debatable whether these entries truly qualify as block billing and the Court can reasonably understand the entries, the Court declines to apply the requested reduction. *See Kittok v. Leslie's Poolmart, Inc.*, 687 F. Supp. 2d 953, 963 (C.D. Cal. 2009) ("It is debatable whether the challenged entries truly qualify as block billing. While they all include several tasks, they are extremely specific and include discrete tasks, and do not raise any concerns about how the time was spent.").

c. *Vague Descriptions*

Third, Defendant argues that multiple billing entries are vague, including insufficient detail. In total, Defendant challenges 427.9 hours, amounting to $332,595.50, as vague. Consequentially, Defendant requests a 50% reduction of that requested fee amount. Plaintiffs disagree with this challenge, arguing that Defendant broadly characterizes the entries as vague whereas, in reality, the entries are sufficiently specific and detailed and many of the entries clearly relate to other billed tasks separately entered on the same or preceding and following days. Notwithstanding Plaintiffs' opposition to Defendant's challenges, some Class Counsel firms agreed to withdraw several of the challenged entries: DRA agreed to withdraw 36.9 hours, amounting to a reduction of $24,985; SWCK agreed to withdraw 37.9 hours, amounting to a reduction of $28,505; and LOPP agreed to withdraw approximately 1 hour, amounting to a reduction of $875. In total, these withdrawn hours approximately amount to a 16% reduction of the challenged fee.

Defendant challenges time entries containing generic words like "prepare," "plan," "review," and "strategy." (*See generally* Ex. 6C, Karelis Decl.) Notably, "counsel . . . is not required to record in great detail how each minute of his time was expended" in order to support a fee award, as long as counsel "identif[ies] the general subject matter of his time expenditures." *Trs. of Directors Guild of Am.-Producer Pension Benefits Plans v. Tise*, 234 F.3d 415, 427 (9th Cir. 2000) (quoting *Hensley v. Eckherhart*, 461 U.S. 424, 437 n.12 (1983)). Here, the billing records are sufficiently detailed to meet this standard, "as they specify the time spent down to the tenth of an hour and provide descriptions of the services that were performed." *Patagonia, Inc. v. 18A Chrons. LLC*, 2023 WL 5505805, at *2 (C.D. Cal. July 11, 2023). Thus, the Court finds the outstanding "vague" challenged entries to be reasonable.

d. *Duplicative Work and Internal Conferences*

Next, Defendant argues a significant amount of billed time was duplicative, evident given that Plaintiffs requested the fees for eighteen billers from four different firms performing similar tasks. Most of the challenged billing entries relate to conferences, site visits, depositions, and trial. Plaintiffs contend that given the scope and complexity of this action, multiple attorneys were required to work on similar workstreams and tasks, like motions and preparing for trial. Plaintiffs also argue that Defendant fails to address how Plaintiffs' initial voluntary fee reductions do not reasonably compensate for the purportedly duplicative work. Plaintiffs voluntarily reduced the hours requested for trial and meet and conference attendance and only seek compensation for the time of two billers per firm in conferences, even though further attorneys and legal staff participated. Moreover, in their Reply, Plaintiffs agree to further reduce the hours requested for the challenged entries by approximately 76.5 hours, amounting to $53,691.

The Court is not convinced that the outstanding entries are unreasonably duplicative. Given that attorneys on the same case need to communicate with each other, "[o]ne certainly expects some degree of duplication as an inherent part of the [litigation] process." *Moreno v. City of Sacramento*, 534 F.3d

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-06312-RGK-MAR | Date | June 11, 2026 |
| Title | ***Judy Griffin et al. v. City of Los Angeles*** | | |

1106, 1112 (9th Cir. 2008). Additionally, courts in this District have determined it is reasonable to have multiple attorneys perform one task. *See, e.g.*, *DCR Mktg. Inc. v. U.S. All. Grp., Inc.*, 2023 WL 3149277, at *2 (C.D. Cal. Mar. 9, 2023) ("[M]ultiple attorneys working on the same task is not inherently inappropriate."). This determination is particularly relevant to class action litigation, which the Ninth Circuit has already recognized as often "require[ing] the participation of multiple attorneys." *Davis v. City & Cnty. of San Francisco*, 976 F.2d 1536, 1544 (9th Cir. 1992), *opinion vacated in part on denial of reh'g*, 984 F.2d 345 (9th Cir. 1993). Furthermore, the Court will not "impose its own judgment regarding the best way to operate a law firm, nor to determine if different staffing decisions might have led to different fee requests." *Moreno*, 534 F.3d at 1115.

Indeed, the voluntary reductions Plaintiffs have already made appear to be reasonable as the updated fee request allows for compensation for class litigation requiring multiple attorneys while also dampening the effects of certain duplicative tasks. For example, conferences between attorneys are necessary to promote efficiency and avoid duplicative workstreams. Thus, requesting fees for conferences for only two billers per firm, even though multiple attorneys participated, allows Class Counsel to be reasonably, and not overly, compensated for work coordination.

As for Defendant's challenges to the time entries regarding site visits, depositions, and trial, the Court is unconvinced the hours expended are unreasonable. For the site visits, Defendant contends attorney work should be excluded because only Plaintiffs' retained experts should perform that work. However, Defendant fails to acknowledge that attorneys have a duty to verify their clients' claims, and thus seeking compensation for a single attorney's site visits is reasonable. *See* Fed. R. Civ. P. 11(b) (requiring attorneys certify representations were formed after a reasonable inquiry). For depositions, the Court agrees with Plaintiffs that two attorneys attending depositions are commonplace and accepted in the Ninth Circuit. *See Kelly v. Wengler*, 822 F.3d 1085, 1105 (9th Cir. 2016) (affirming district court awarding a plaintiff attorneys' fees for two attorneys attending depositions). Finally, for trial, Defendant's primary argument is that while Defendant was represented by only three attorneys, Plaintiffs were represented by far more. However, this argument "ignores the crucial differences between prosecuting and defending a case." *Arroyo v. Svela*, 2012 WL 3308427, at *2 (C.D. Cal. Aug. 13, 2012). Moreover, Plaintiffs have provided sufficient justification as to how each of the eight attorneys that attended trial had active trial responsibilities. Accordingly, the Court finds the challenged fees to be reasonable and declines to apply additional reductions.

e. *Excessively Billed Time*

Next, Defendant argues that the amount of time that Plaintiff spent litigating this case was excessive given Class Counsel's experience and expertise. More specifically, Defendant argues Plaintiffs excessively billed 76 hours for researching and preparing the Complaint, more than 11 hours per day for a single attorney, and 21.2 hours for the unopposed motion for class certification. Accordingly, Defendant requests a 40% reduction of these challenged entries. Plaintiff disagrees,

arguing the hours billed were justified by the scope and complexity of the case, the discovery disputes between the parties, and the 70-hour reduction Plaintiffs already voluntarily made to their fee request for drafting the Complaint and for trial. However, upon further review of the challenged billing entries, Class Counsel agree to withdraw an additional 6.2 hours, amounting to $4,650.

As mentioned above, Class Counsel's "[v]erified attorney time records are presumptively correct." *See Ortega*, 2019 WL 6792798 at *3. Defendant fails to convince the Court that the challenged entries are excessive.

Defendant cites to only one case to support its "excessive" argument. Instead, Defendant primarily makes various conclusions, like how billing 76 hours to draft the Complaint "is ridiculous." (Opp'n at 13.) However, courts have specifically recognized that billing more than 70 hours when drafting a class action complaint is not excessive. *See Charlebois v. Angels Baseball LP*, 993 F. Supp. 2d 1109, 1124 (C.D. Cal. 2012) (declining to reduce the 78 hours billed for drafting the complaint as excessive). Accordingly, the Court adopts the same position here.[16] Moreover, the only case Defendant cites to for support is *In re Maruko Inc.*, in which the bankruptcy court observed how it "previously disallowed hours billed in excess of 9.0 hours in any one day" because of their questionable nature. 160 B.R. 633, 640 (Bankr. S.D. Cal. 1993). While in some cases that may be true, the Court is unpersuaded that same draconian suspicion must apply here. Given that this case is a class action involving site inspections, numerous experts and witnesses, multiple discovery disputes, and a multi-day court trial, the Court finds that the challenged entries are reasonable and not excessive. *See Burgess v. Premier Corp.*, 727 F.2d 826, 841 (9th Cir. 1984) ("[A]lthough [defendants] had the right to play hardball in contesting [a plaintiff's] claims, it is also appropriate that [defendants] bear the cost of their obstructionist strategy.").

f. *Work Related to 500+ Parks*

Finally, Defendant challenges the entire fee request, contending numerous hours expended were "wasted" on discovery for over 500 parks given that Plaintiffs should have known their Complaint limited the scope of discovery to the thirteen parks identified. (Opp'n at 14.) Defendant contends that Class Counsel only needed to present three pieces of information for trial to prove barriers–when the renovation took place or when the park was built, the scope of renovation, and the current condition–and thus discovery of further parks was unnecessary and excessive. Defendant argues this stance is further supported by this Court's prior order excluding evidence of parks not identified in the Complaint at trial.

[16] In support of Defendant's excessiveness argument, Karelis contends that on average, Plaintiffs billed 3 hours per page of the Complaint. The Court is reminded of the old idiom: "I did not have time to write a short letter, so I wrote a long one instead." Indeed, concision takes time, and the Court declines applying a fee haircut that may discourage exercising that skill.

(*See* Order Final Pretrial Conference, ECF No. 150.) Accordingly, Defendant requests the Court reduce the fee award by 75% given what was evidentiarily necessary for trial.

Plaintiffs concede that they inspected and engaged in discovery for 75 parks out of Defendant's 559 sites. However, Plaintiffs contend this number was reasonable and supported by applicable law. Indeed, in *Kirola v. City and County of San Francisco*, plaintiffs suing the City and County of San Francisco for similar barriers at issue here were allowed to inspect 78 additional sites because those inspections "may shed light on whether injunctive relief might be warranted." 2010 WL 373817, at *2 (N.D. Cal. Jan. 29, 2010). Moreover, this proposition has also been supported in this case by Magistrate Judge Rocconi, who noted how "the Ninth Circuit has indicated that historical non-compliant policies could go toward establishing an entitlement to and the proper scope of future injunctive relief." (Order Mot. Compel at 9, ECF No. 72 (citing *Armstrong*, 275 F.3d at 861).) Magistrate Judge Rocconi also recognized that given the allegations of systemic policy and practice deficiencies in the Complaint, documents related to the historical design of facilities were relevant and thus the corresponding request for production was not disproportionately burdensome. (*See* Order Mot. Compel at 7–8, ECF No. 101.)

Here, the Court agrees with Plaintiffs and declines to find the hours expended on discovery for park facilities not named in the Complaint as unreasonable. Plaintiffs allege that Defendant had a systemwide practice that resulted in barriers at its parks. Logically, Plaintiffs would need to inspect a sample of those parks to help support this allegation, and legal precedent indicates inspection of 75 parks was not excessive. *See, e.g.*, *Kirola*, 2010 WL 373817 at *2. As Defendant recognized, courts in this Circuit have found that "the case law does not instruct that there is any minimum number of violations necessary to justify systemwide relief." (Opp'n at 14 (quoting *Kirola v. City & Cnty. of San Francisco*, 2025 WL 2780793, at *5 (N.D. Cal. Sept. 29, 2025).) Since discovery of the parks not named in the Complaint was relevant to litigating the systemic allegations and the scope of injunctive relief, the Court concludes that those related hours were reasonably expended.

In sum, after consider Defendant's various challenges to the hours billed and Plaintiffs' voluntary reductions and withdrawals, the Court finds the hours requested to be reasonable. The Court next considers Plaintiffs' request to apply a multiplier.

3. <u>*Multiplier*</u>

"Unlike federal law, California law allows for a multiplier of the lodestar to compensate for the risk of contingent representation." *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1112 (9th Cir. 2014). Since Plaintiffs succeeded on both federal and state claims that support a fee award, "the state-law multiplier is available." *Id.*; *accord Ketchum v. Moses*, 24 Cal. 4th 1122, 1135-36 (2001) (holding lodestar-multiplier method should be used to determine reasonable fee award in cases involving a fee-shifting statute such as Section 1021.5). Nevertheless, "there is a strong presumption that the lodestar

represents the reasonable fee." *In re Taco Bell Wage & Hour Actions*, 222 F. Supp. 3d 813, 847 (E.D. Cal. 2016).

Courts may consider several factors when adjusting the lodestar figure and have awarded a multiplier where one or more factors are met. *See Taylor v. Nabors Drilling USA, LP*, 222 Cal. App. 4th 1228, 1251–52 (2014); *Ketchum*, 24 Cal. 4th at 1132. Here, Plaintiff argues that the following factors support applying a 1.2 multiplier on work performed through the date of Judgment to this case: (1) the contingent nature of the fee award; (2) the result obtained for the Class; (3) the skill displayed in presenting the case; and (4) the extent to which the nature of the litigation precluded other employment by attorneys. *See Ketchum*, 24 Cal. 4th at 1132 (listing factors courts consider when applying a multiplier); *Taylor*, 222 Cal. App. 4th at 1251–52 (the same).

Here, the Court disagrees that the factors support applying a multiplier and overcome the presumption that the lodestar is reasonable. First, there is no dispute Class Counsel assumed contingent risk by litigating this case. Second, however, the Court is not persuaded by Plaintiffs' characterization that they achieved and "outstanding result" for the Class. (Reply at 2.) Although the Court issued judgment in Plaintiffs' favor, Plaintiffs did not meet their burden of proof for three of the five alleged systemwide defects they sought injunctive relief for. (*See* Judgment at 6, ECF No. 179.) For the alleged systemwide defects Plaintiffs met their burden of proof for, the Court ordered narrowly tailored injunctive relief to address those defects, which did not include all measures Plaintiffs requested in their proposed order. (*See* ECF Nos. 188, 190.) While the ordered relief is impactful, the result is not what Plaintiffs sought.

Moreover, thirdly, although this case involved voluminous evidentiary materials and witness testimony, the action did not involve novel issues. "Since the hourly rate already considers the skill and experience of the attorney, '[a] trial court should award a multiplier for exceptional representation only when the quality of representation far exceeds the quality of representation that would have been provided by an attorney of comparable skill and experience billing at the hourly rate used in the lodestar calculation.'" *In re Taco Bell Wage & Hour Actions*, 222 F. Supp. 3d at 847 (quoting *Ketchum*, 24 Cal.4th at 1139). Accordingly, given the lack of novel issues and Plaintiffs failing to meet their burden of proof for several disputed defects, the Court finds that this action did not demonstrate a quality of representation that far exceeds the skill that would have been provided by an attorney of comparable skill and experience billing at the hourly rate used in the lodestar calculation. Fourth, although this case undoubtedly required Class Counsel's time and effort to litigate, Plaintiffs admits that these resources were needed "over a relatively short timeline." (Mot. at 15.) Accordingly, even though Class Counsel likely had to decline other prospective fee-generating work during this approximately fifteen-month litigation, this case differs from other cases in which multipliers were awarded for years of litigation. *See, e.g.*, *Moreno Valley Unified Sch. Dist.*, 2025 WL 3040876 at *10 (awarding 1.2 multiplier in five-year-long individual disability discrimination case).

Accordingly, after considering the factors, the Court finds the requested lodestar represents the reasonable fee award and declines to apply the requested multiplier.

Following the above determinations, the Court finds the 9,840.2 hours requested are reasonable, amounting to a total lodestar of $9,167,677.

**B. <u>Non-Taxable Costs</u>**

"The ADA authorizes a court to award . . . litigation expenses[] and costs to a prevailing party." *See Lovell v. Chandler*, 303 F.3d 1039, 1058 (9th Cir. 2002) (citing 42 U.S.C. § 12205; 28 C.F.R. § 35.175). "Litigation expenses" include "expert witness fees, travel expenses, and the preparation of exhibits." *Id.* at 1058. Thus, prevailing parties, like Plaintiffs, may be reimbursed for these types of costs as well as any other general costs for which a lawyer bills the client separate from an hourly rate. *Id.* The prevailing parties have the burden of proof, *id.*, and the requested costs must be reasonable in amount. *Harris v. Marhoefer*, 24 F.3d 16, 20 (9th Cir. 1994).

Here, Plaintiffs request reimbursement for nontaxable costs and expenses in the amount of $1,339,293.67, which are supported by Class Counsel's record of costs. Defendant disputes several categories of requested costs, arguing they are not reimbursable and should be denied.

First, Defendant disputes Plaintiffs cannot recover for charges for in-house copying because there is no explanation as to what the copies were of or how they were used. In the Reply, Class Counsel explains how these copying costs were incurred for working on and revising expert reports, preparing for and taking depositions, drafting filings, and preparing pre-trial conference and trial binders, which all required printing hard copies. (*See* Lee Reply Decl. ¶ 87; Wallace Reply Decl. ¶ 74.) The Court finds this explanation sufficient and the costs reasonable.

Second, Defendant disputes Plaintiffs' claimed costs for online legal research, amounting to $10,058.69. Primarily, Defendant argues these costs are not justified because no explanation was provided as to whether these costs are normally passed along to contingency clients. *See Barzilli v. Intuitive Surgical, Inc.*, 2022 WL 17369627, at *7 (C.D. Cal. Aug. 1, 2022) (noting how legal research costs may only be recovered when counsel shows that it is a standard practice to pass such costs along to clients, "rather than being considered overhead"). The Court agrees with Defendant that Plaintiffs failed to address this issue. Accordingly, the Court finds the online legal research costs to be unreasonable. *See id.* (denying request for legal research costs because no showing was made that such costs were not factored into the attorney billing rates as overhead); *Cilluffo v. Cent. Refrigerated Servs., Inc.*, 2018 WL 11374960, at *9 (C.D. Cal. Apr. 3, 2018) (the same).

Third, Defendant argues the "hosting" fees listed for Plaintiffs' e-discovery vendor are not recoverable. Indeed, courts have held that prevailing parties can only recoup e-discovery costs to the

extent the fees are tied to production in discovery through electronic means. *See Memory Lane, Inc. v. Classmates Int'l, Inc.*, 2014 WL 12617383, at *2 (C.D. Cal. July 25, 2014) (noting how courts have held that e-discovery costs related to copying, like scanning hardcopy documents, converting files, and burning files onto discs, may be recovered, but costs for collecting and preserving electronically-stored information may not). In their Reply, Plaintiffs explain how the e-discovery vendor's platform was necessary for Class Counsel to access and review the documents to be able to prosecute the case. While that may be true, nevertheless, those fees are not tied to production in discovery. Accordingly, the Court finds the fee request for $155,398.52 to be unreasonable.[17]

Fourth, the majority of the costs Plaintiffs seek recovery for are expert witness fees. Defendant argues the Court should deduct Edward Steinfeld's fees because he did not testify at trial, deduct the costs for experts to inspect parks that were not presented at trial, and deny the rest of the costs (with no explanation). The Ninth Circuit has long held that recoverable "litigation expenses" include expert witness fees. *Lovell*, 303 F.3d at 1058. Plaintiffs argue that Steinfeld's and the expert park inspection fees were reasonable as they were relevant to prosecuting the case, including proving issues like standing and the scope of injunctive relief, which Defendant disputed. The Court agrees with Plaintiff, finding the expert fees are reasonable.

Fifth, Defendant disputes the fees associated with Plaintiffs' New York-based trial consultants' airfare, dinner, and stay in a hotel, arguing that there is no explanation as to why Class Counsel's in-house technology team or a local Los Angeles consultant could not assist. The Court agrees. Although Plaintiffs have justified the need to hire a consultant given that they do not have in-house personnel to assist, there is no explanation as to why out-of-state consultants were necessary. Accordingly, the Court finds the fees relating to the trial consultants' airfare, dinner, and hotel stay, amounting to $3,805.59, to be unreasonable.

Sixth and finally, Defendant disputes the travel, lodging, and meal costs for the eight attorneys Plaintiffs brought to trial, arguing the Court should only allow travel expenses for two attorneys, the maximum number the Court allowed to speak at trial. Plaintiffs argue the travel costs for the other six attorneys are reasonable because the other attorneys were responsible for preparing Plaintiffs and experts testifying at trial, direct examination outlines, and cross-examination outlines for the twenty-four witnesses on Defendant's witness list. Courts have held that attorneys may bill time spent preparing another attorney to present a case and attending the hearing or trial itself, even if they do not argue before the court. *Citizens for Better Forestry v. U.S. Dep't of Agric.*, 2010 WL 3222183, at *10 (N.D. Cal. Aug. 13, 2010); *see also Democratic Party of Washington State v. Reed*, 388 F.3d 1281, 1286 (9th Cir. 2004) (noting the same). Thus, if attorneys can reasonably bill for such time, it is only logical that

[17] Per Class Counsel's explanation on reply, the Court excluded costs associated with hosting, including "Host-Rel 1," "Host-Tech 1," and "Host-User 1," as those are not tied to production. (Wallace Reply Decl. ⁋ 80.) Since "Disc-Proc 1" is tied to document preparation and export for production, the Court finds those costs to be reasonable and reimbursable. (*See id.*)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-06312-RGK-MAR | Date | June 11, 2026 |
|---|---|---|---|
| Title | ***Judy Griffin et al. v. City of Los Angeles*** | | |

their travel costs would be similarly reasonable. Accordingly, given the various trial preparation responsibilities, the Court finds the costs associated with the eight attorneys' travel expenses to be reasonable.

In sum, the Court agrees with Defendant that the costs associated with online legal research, e-discovery platform hosting, and travel for trial consultants to be unreasonable, amounting to a reduction of $169,262.80 to the requested cost award. Thus, the Court finds the remaining costs amounting to $1,170,030.87 to be reasonable and recoverable.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS in part** the Motion for Attorneys' Fees and awards **$9,167,677 in attorneys' fees and $1,170,030.87 in costs** to Plaintiffs. The Motion is otherwise **DENIED**.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer JRE/gz